IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREEN MOUNTAIN GLASS, LLC AND CULCHROME, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SAINT-GOBAIN CONTAINERS, INC. dba VARALLIA NORTH AMERICA, <br><br> Defendant. | Civil Action No. 14-392-GMS |

## ORDER

WHEREAS, on March 28, 2014, Plaintiffs Green Mountain Glass, LLC and Culchrome, LLC (collectively "Green Mountain"), initiated this patent infringement lawsuit against Defendant Saint-Gobain Containers, Inc., d/b/a Verallia North America, now known as Ardagh Glass Inc. ("Ardagh"), alleging infringement of U.S. Patent Nos. 6,230,521 ("the '521 patent"), issued on May 15, 2001, and 5,718,737 ("the '737 patent"), issued on February 17, 1998 (D.I. 1);

WHEREAS, presently before the court is Ardagh's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (D.I. 124);

WHEREAS, Ardagh argues that all the claims of the '521 patent are invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter (D.I. 124);

WHEREAS, the court having considered the motion, the parties' positions as set forth in their papers, as well as the applicable law;

IT IS HEREBY ORDERED THAT:

Ardagh's Motion for Judgment on the Pleadings under 35 U.S.C. § 101 (D.I. 139) is DENIED.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). When evaluating a motion for judgment on the pleadings, the court must accept all factual allegations in a complaint as true and view them in the light most favorable to the non-moving party. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008); *see also Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). A Rule 12(c) motion will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau*, 539 F.3d at 221. This is the same standard as a Rule 12(b)(6) motion to dismiss. *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents integral to pleadings may be considered in connection with Rule 12(c) motion). Moreover, while a "determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter, claim construction is not an inviolable prerequisite to a validity determination under § 101." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014), *cert. denied*, 136 S. Ct. 119 (2015). When a court is considering a motion for judgment on the pleadings, the court must construe the patent claims in the manner most favorable to the non-moving party. *Id.*

Section 101 describes the general categories of patentable subject matter: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. These broad classifications are limited, however, by exceptions. "Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2216 (2013)). Courts have eschewed bright line rules circumscribing the contours of these exceptions. *See id.* ("[W]e tread carefully in construing this exclusionary principle lest it swallow all of patent law. At some level, all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.") (internal citation and quotation marks omitted).

The Supreme Court's decision in *Alice* reaffirmed the framework first outlined in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012), used to "distinguish[] patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *See Alice*, 134 S. Ct. at 2355.

> First, we determine whether the claims at issue are directed to one of those patent-ineligible concepts. If so, we then ask, what else is there in the claims before us? To answer that question, we consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application. We have described step two of this analysis as a search for an "inventive concept"—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.

*Id.* (internal citations, quotations marks, and alterations omitted). "[A]n invention is not rendered ineligible for patent simply because it involves an abstract concept." *Id.* at 2354. Thus, the court must determine (1) if the patented technology is directed to ineligible subject matter, and, if so, (2) whether there are sufficient inventive elements such that the invention is "'significantly more' than a patent on an ineligible concept." *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1255 (Fed. Cir. 2014) (quoting *Alice*, 134 S. Ct. at 2355); *see also Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015); *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015).

The first step of the § 101 analysis requires determining whether the claims are "directed to" an abstract idea. *DDR Holdings*, 773 F.3d at 1255. Although the Supreme Court has not "delimit[ed] the precise contours of the 'abstract ideas' category," *Alice*, 132 S. Ct. at 2357, several decisions by the Supreme Court, reaffirmed in *Alice*, have provided some guidance on patent-ineligible subject matter. *Id.* at 2355–56. For example, the Supreme Court

has confirmed that without an inventive concept, claims covering algorithms, mathematical formulas, processes reciting laws of nature, and fundamental economic practices are patent-ineligible because they constitute the basic building blocks of all scientific and technological work. *See Gottschalk v. Benson,* 409 U.S. 63, 71–72 (1972) (finding patent-ineligible claims involving an algorithm for converting binary-coded decimal numerals into pure binary that "in practical effect would be a patent on the algorithm itself"); *Parker v. Flook,* 437 U.S. 584, 594–95 (1978) (finding patent-ineligible a mathematical formula for computing an alarm limit in a chemical process); *Mayo,* 132 S. Ct. 1289 (2012) (finding that while claims reciting an "administering" step, a "determining" step, and a "wherein" step are "not themselves natural laws . . . neither are they sufficient to transform the nature of the claim into one that is patent-eligible"); *Bilski v. Kappos,* 561 U.S. 593, 611 (2010) (finding patent-ineligible the concept of hedging, which is a "fundamental economic practice long prevalent in our system of commerce").

Under step one of the *Alice* framework, "the claims are considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *Internet Patents Corp. v. Active Network, Inc.,* 790 F.3d 1343, 1346 (Fed. Cir. 2015). Because Ardagh moves for Judgment on the Pleadings, the court construes the claim terms in the light most favorable to Green Mountain. *See Content Extraction,* 776 F.3d at 1349. Here, the claims of the '521 patent, as a whole, are not directed to an abstract idea.

In claim 1—a claim representative of the '521 patent's three other independent claims—the acts of "selecting virgin glass," "determining percentages of at least said selected components of said mixed color glass cullet," and "creating recycled glass products from said calculated composition" are not steps that are typically considered abstract, i.e., they do not recite an algorithm, a mathematical formula, a process directed to laws of nature, or fundamental economic practices. '521 patent, col. 24, ll. 48–67. Instead, they recite steps grounded in physical action. For example, the glass-maker must select the raw materials that will be used from a list of options. '521 patent, col. 12, ll. 11–12. The glass-maker may also have to take a core sample of the to-be-recycled, mixed-color cutlet to measure the relative amount of clear, amber, and green glass present. *Id.* at col. 13, ll. 39–41. Moreover, a number of dependent claims even claim the product of the process: a glass bottle including recycled mixed color cullet. '521 patent, claims 17–25, 27, 29, 31. As a whole, the claims of the '521 patent describe a manufacturing process for recycling batches of mixed colored cutlet glass into glass bottles with desired properties. The claims require steps that the glass-maker must physically carry out—he cannot simply use his mind or a pen and paper to perform them. *See Versata Dev. Grp., Inc. v. SAP Am., Inc.,* 793 F.3d 1306, 1333 (Fed. Cir. 2015) (noting that claims directed to "a method of verifying the validity of credit card transactions over the Internet" were patent-ineligible because the method steps could be performed "in the human mind or by a human using a pen and paper") (citing *CyberSource Corp. v. Retail Decisions, Inc.,* 654 F.3d 1366 (Fed. Cir. 2011). Because the court finds that the '521 patent is directed to patent-eligible subject matter, there is no need to proceed to step 2 of the Alice framework. *See Enfish, LLC v. Microsoft Corp.,* 822 F.3d 1327, 1339 (Fed. Cir. 2016) (finding that the court did not need to proceed with the *Alice* analysis after determining that the claims were not directed to an abstract idea).

Ardagh analogizes the '521 patent to the one found invalid in *Parker v. Flook.* 437 U.S. at 594. The court, however, finds that analogy unpersuasive. The patent in *Flook* was directed to a method of updating alarm limits in a catalytic conversion process by: (1) measuring the temperature of a catalytic conversion process; (2) using an algorithm to calculate an updated alarm-limit value; and (3) adjusting the actual alarm limit to the updated value. *Id.* at 585. The court found that, at its core, the patent claimed only a method of measuring and calculating, using a mathematical formula—an abstract idea that, without an inventive or physical application, was unpatentable. *See id.* at 594–95.

The decision most applicable to this case found that a patent for a physical and chemical process fell within the § 101 categories of possibly patentable subject matter. *See Diamond v. Diehr,* 450 U.S. 175, 184–85 (1981) (holding that a process for molding precision synthetic rubber falls within the category of patentable subject matter, and that conclusion is not altered by the fact that "several steps of the process claim a mathematical equation" and a programmed digital computer). In *Diehr,* the Court found that the patent claims described a step-by-step method for accomplishing molding precision synthetic rubber, and such industrial processes have historically been eligible for patent protection. *Id.* Here, the '521 patent, similar to the patent-at-issue in *Diehr,* claims a step-by-step industrial process for creating a one-color glass end-product from recycled, mixed-color glass. The *Diehr* analysis supports the court's finding that the '521 patent is not directed to an abstract idea.

The court recognizes that in § 101 jurisprudence, "each case stands on its own, and requires separate analysis by the judges who make the decision." *Versata,* 793 F.3d at 1336. In analyzing the specific claims of the '521 patent, and using prior § 101 case law only as a lighthouse in a notoriously foggy area of the law, the court concludes that the '521 patent falls within the §101 categories of patentable subject matter.

3

Dated: October 11, 2014

_____
UNITED STATES DISTRICT JUDGE

_____

4