IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREEN MOUNTAIN GLASS, LLC AND CULCHROME, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SAINT-GOBAIN CONTAINERS, INC. dba VARALLIA NORTH AMERICA,<br><br>Defendant. | Civil Action No. 14-392-GMS |

## ORDER CONSTRUING THE TERM "UNSORTED MIXED COLOR GLASS CULLET" IN U.S. PATENT NO. 5,718,737

After considering the submissions of the parties, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of U.S. Patent Nos. 5,718,737 ("the '737 patent"):

1. The phrase "**unsorted mixed color glass cullet**" is construed to mean "broken pieces of glass of mixed colors and types."[1]

---

[1] The court was asked to construe the term "unsorted." That term, however, is used throughout the patent as part of the phrase "unsorted mixed color glass cullet." '737 patent, col. 3 l. 58, col. 7 l. 44. The court finds that it makes the most sense to construe the phrase as a whole. The patent uses the phrase "unsorted mixed color glass cullet" and "mixed color glass cullet" interchangeably. The court previously construed "mixed colored cullet glass" in accordance with its definition in the specification—"broken pieces of glass of mixed colors and types." (D.I. 151 at 1–2). Accordingly, the court will construe the two terms to have the same meaning.

Ardagh contends that "unsorted" means "not sorted for color." (D.I. 220 at 1). Ardagh derives that construction from the applicant's statements to the Patent Office during prosecution, where, according to Ardagh, Green Mountain inserted "unsorted" in every claim to distinguish it over the imperfectly "color sorted cullet" of the prior art. Id. at 2. Ardagh argues that the prosecution history "proves that unsorted

Dated: April 12, 2017

UNITED STATES DISTRICT JUDGE

---

cullet means cullet which has not been sorted for color at all." *Id.* at 1. The court finds that the applicant's statements in the prosecution history actually support Green Mountain's proposed construction.

The applicant submitted a Preliminary Amendment to address the Examiner's rejections to claims in Patent Application No. 08/399,299. (D.I. 220, Ex. D). The '737 patent (Patent Application No. 08/683,353) is a continuation of the '299 patent application, refiled to correct an inventorship issue in the '299 application. *Id.*; '737 patent, col. 1 ll. 7–8. The applicant's Preliminary Amendment sought to overcome the previous rejections to the '299 patent application, given that the two applications were essentially the same.

The Examiner rejected some of the claims of the '299 application as obvious over the prior art. The Examiner also believed that on page 1, lines 14–17 and page 2, lines 21–23 of the '299 application, the applicant admitted that is was "known in the glass making art to use unsorted mixed colored glass cullet to make recycled glass products of a particular color." (D.I. 220, Ex. D at 4). The applicant denied that he had made such an admission. *Id.* The applicant's remarks in the Preliminary Amendment reiterated the sentiment expressed in the patent: due to the imprecision of conventional glass recycling methods, mixed color glass pieces "are a common by-product of the sorting process." *Id.* Prior to the '737 patent, according to the applicant, *only sorted single color glass cullet* could be used to create recycled glass end-products. *Id.* The mixed colored glass pieces—the by-product of conventional glass recycling—had to be used for other purposes. *Id.* The court is not persuaded that the applicants amendment and the prior art require limiting "unsorted mixed color cullet" to mixed color cullet never subject to color-sorting.

To the contrary, the patent seeks to utilize the by-product of color sorting—imperfectly color sorted glass. '737 patent, col. 1 ll. 65–67. While the court understands that glass can never be perfectly color sorted, it agrees with Green Mountain that when the patent refers to color sorted glass that is glass sorted to be primarily or largely one color. *Id.* col.2 ll. 8–17, col. 3 ll. 46–48. It is clear from the briefing, however, that Ardagh believes that even imperfectly color sorted glass—glass that has undergone some type of color sorting, albeit to little or no avail—qualifies as color sorted glass. (D.I. 220 at 1). There is nothing in the patent that supports Ardagh's construction. Accordingly, the court declines to limit the scope of the term "unsorted mixed color cullet" to only glass that has never been color sorted at all. As the court sees it, unsorted mixed color cullet can include both mixed colored glass that has never been color sorted and mixed colored glass that was unsuccessfully color sorted.

Lastly, Ardagh argues that construing "unsorted mixed color cullet" and "mixed color cullet" to mean the same thing would vitiate a claim term and violate the principles of claim construction. (D.I. 220 at 3). The court disagrees. The specification and the claims provide overwhelming evidence for the conclusion that the two phrases mean the same thing. Claim 1 discloses "obtaining unsorted mixed color glass cullet" and then in the next limitation of the same claim, "adding to said mixed color glass cullet." '737 patent, col. 7 ll. 41–44. Additionally, the specification states that it is an "object of the invention to decolorize the green component glass in a mixed color cullet." *Id.* col. 3 ll. 50–51. Just a few lines down from the disclosure of decolorizing the green component glass, the patent explains that "[a]lternatively, the amber colored glass in the unsorted mixed color cullet may be decolorized." *Id.* col. 3 ll. 57–59. While there exists a "preference for giving meaning to all terms," that maxim is not "an inflexible rule that supersedes all other principles of claim construction. *SimpleAir, Inc. v. Sony Ericsson Mobile Commc'ns AB*, 820 F.3d 419, 429 (Fed. Cir. 2016). Giving meaning to the term "unsorted" in a way that distinguishes the claim phrase "unsorted mixed color cullet" from "mixed color cullet" would go against the intrinsic evidence. The court finds, therefore, that the intrinsic evidence requires it to construe the terms to mean broken pieces of glass of mixed colors and types.