# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREEN MOUNTAIN GLASS, LLC, et al., | C.A. No. 14-392-GMS |
| Plaintiffs, | |
| v. | PUBLIC VERSION FILED: May 26, 2017 |
| SAINT-GOBAIN CONTAINERS, INC., d/b/a VERALLIA NORTH AMERICA, | |
| Defendant. | |

## DECLARATION OF BRIAN A. BIGGS IN SUPPORT OF DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

I, Brian A. Biggs, declare as follows:

1. I am an attorney with the law firm of DLA Piper LLP (US) ("DLA Piper"), counsel for Defendant Saint-Gobain Containers, Inc., d/b/a Verallia North America, now known as Ardagh Glass Inc. ("Ardagh"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath. On information and belief, I submit this declaration in support of Ardagh's Opening Brief in Support of its Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial.

2. Attached hereto as Exhibit 1 is a true and correct copy of excerpts of the transcripts from the trial in this matter that took place on April 17 – 21, 2017.

3. Attached hereto as Exhibit 2 is a true and correct copy of United States Patent 5,718,737, marked as trial exhibit JTX-1.

4. Attached hereto as Exhibit 3 is a true and correct copy of the May 27, 1999 letter from Daniel L. Boots to Michael P. Dunnam, marked as trial exhibit DX-0199.

5. Attached hereto as Exhibit 4 is a true and correct copy of the November 25, 1998 memo from T. Lame to File, marked as trial exhibit DX-0185.

6. Attached hereto as Exhibit 5 is a true and correct copy of batch calculations, marked as trial exhibit DX-0473.

7. Attached hereto as Exhibit 6 is a true and correct copy of the February 8, 1999 fax from T. Lame to S. Rhea, marked as trial exhibit JTX-26.

8. Attached hereto as Exhibit 7 is a true and correct copy of the August 11, 1999 letter from Daniel L. Boots to Michael P. Dunnam, marked as trial exhibit DX-0202.

9. Attached hereto as Exhibit 8 is a true and correct copy of the November 11, 2004 GMG, LLC M.M. meeting transcript, marked as trial exhibit DX-0258.

10. Attached hereto as Exhibit 9 is a true and correct copy of the July 21, 2008 GMG Mixed Color Cullet Technology presentation, marked as trial exhibit JTX-50A.

11. Attached hereto as Exhibit 10 is a true and correct copy of the October 8, 1995 letter from Duane A. Mosch to Rodger Madrazo, marked as trial exhibit DX-0149.

12. Attached hereto as Exhibit 11 is a true and correct copy of the excel spreadsheet, marked as trial exhibit DX-0016.

13. Attached hereto as Exhibit 12 is a true and correct copy of the trial demonstrative marked as DDX-628.

14. Attached hereto as Exhibit 13 is a true and correct copy of the trial demonstrative marked as DDX-630.

15. Attached hereto as Exhibit 14 is a true and correct copy of the trial demonstratives marked as DDX-632 – DDX-633.

16. Attached hereto as Exhibit 15 is a true and correct copy of article *The Influence of*

*Color Mixture of the Use of Glass Cullet Recovered From Municipal Solid Waste*, by E. Joseph Duckett, Conservation & Recycling, Vol. 3, pp. 175-185, marked as trial exhibit DX-0006.

17. Attached hereto as Exhibit 16 is a true and correct copy of the trial demonstrative marked as DDX-307.

18. Attached hereto as Exhibit 17 is a true and correct copy of The CulChrome™ Process: Mixed Cullet Technology for the Glass Industry, marked as trial exhibit JTX-24.

19. Attached hereto as Exhibit 18 is a true and correct copy of the Examiner's Rejection, marked as trial exhibit DX-0183.

20. Attached hereto as Exhibit 19 is a true and correct copy of the file history for the United States Patent 5,718,737, marked as trial exhibit PX-3.

21. Attached hereto as Exhibit 20 is a true and correct copy of excerpts from the Expert Report of Professor William M. Carty Regarding Invalidity of the Mosch Patent and Invalidity of the Lehman Patent, dated August 24, 2016.

22. Attached hereto as Exhibit 21 is a true and correct copy of the May 19, 2005 Mixed Color Cullet Technology – A Strategic Opportunity for Saint-Gobain Containers presentation, marked as trial exhibit PX-154A.

23. Attached hereto as Exhibit 22 is a true and correct copy of the May 25, 2004 email from Wvb1000@aol.com to mick.a.eib@saint-gobain.com, et al., marked as trial exhibit PX-312.

24. Attached hereto as Exhibit 23 is a true and correct copy of the Non-Binding Proposed Term Sheet for Non-Exclusive Licensing of Intellectual Property to Saint Gobain Containers, Inc., marked as trial exhibit DX-0230.

25. Attached hereto as Exhibit 24 is a true and correct copy of the Due Diligence,

Confidentiality Non-Disclosure, and Preliminary Licensing/Royalty Agreement, dated May 26, 1995, marked as trial exhibit DX-0132.

26. Attached hereto as Exhibit 25 is a true and correct copy of the November 12, 1998 letter from Tony Lame to Steve Rhea, marked as trial exhibit JTX-21.

27. Attached hereto as Exhibit 26 is a true and correct copy of the September 13, 1999 from Michael P. Dunnam to Daniel L. Boots, marked as trial exhibit DX-0203.

28. Attached hereto as Exhibit 27 is a true and correct copy of the April 29, 2005 letter from Wray C. Hiser to Sean P. Duffy, marked as trial exhibit DX-0281.

29. Attached hereto as Exhibit 28 is a true and correct copy of page 16 from Green Mountain Glass, LLC's Opening Statement used in trial.

30. Since 1995, important witnesses have died, are unavailable, or are now unable to recall events from over 20 years ago with sufficient detail to provide testimony on those points. For example, Norm Philip, who was named in Ardagh's early 1990s memos regarding the use of certain decolorizers, passed away in 2006. Marv Gridley, Ardagh's chief glass technologist during the early 1990s, retired in 2005 and was unavailable for trial. Mr. Gridley would have had first-hand knowledge of Ardagh's prior art use of cullet, colorizers, and decolorizers. Warren Blasland, one of Plaintiffs' personnel who had many interactions with Ardagh, was physically unavailable for deposition and trial. Frank Pringle, named co-inventor on the abandoned application that gave rise to the '737 patent, was also physically unavailable for trial.

Defendant's subpoenas for prior art and to third parties whom Plaintiffs approached for licensing returned scant records because of the passage of time. Erb Dep. Tr. (a true and correct excerpt of which is attached hereto as Ex. 29) 25:6-13; 57:24-59:11; 62:19-67:13; Ghaznavi Dep. Tr. (a true and correct excerpt of which is attached hereto as Ex. 30) 65:11-80:15;

4

Wallding Dep. Tr. (a true and correct excerpt of which is attached hereto as Ex. 31) 9:18-11:17, 93:22-94:15, 163:10-164:3; Madeo Dep. Tr. (a true and correct excerpt of which is attached hereto as Ex. 32) 11:24-13:21; 39:1-40:6; 105:6-9.  Documents produced by Plaintiffs from this timeframe confirm that some of those witnesses possessed, at one time, information relevant to this case.  *See, e.g.*, DX-177 (a true and correct excerpt of which is attached hereto as Ex. 33).

Executed this 19th day of May, 2017, at Wilmington, Delaware.

/s/ Brian A. Biggs
Brian A. Biggs (DE Bar No. 5591)