IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREEN MOUNTAIN GLASS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAINT-GOBAIN CONTAINERS, INC., d/b/a VERALLIA NORTH AMERICA, <br><br> Defendant. | C.A. No. 14-392-GMS <br><br> ▬▬▬▬▬ <br><br> PUBLIC VERSION FILED: <br> June 16, 2017 |

**DECLARATION OF BRIAN A. BIGGS IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENHANCED DAMAGES, ATTORNEYS' FEES, PREJUDGMENT INTEREST, AND CONDITIONAL MOTION FOR A NEW TRIAL ON THE '521 PATENT**

I, Brian A. Biggs, declare as follows:

1. I am an attorney with the law firm of DLA Piper LLP (US) ("DLA Piper"), counsel for Defendant Saint-Gobain Containers, Inc., d/b/a Verallia North America, now known as Ardagh Glass Inc. ("Ardagh"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath. On information and belief, I submit this declaration in support of Ardagh's Opposition to Plaintiffs' Motion for Enhanced Damages, Attorneys' Fees, Prejudgment Interest, and Conditional Motion for a New Trial on the '521 Patent.

2. Attached hereto as Exhibit 1 is a true and correct copy of the November 25, 1998 memo from T. Lame to File, marked as trial exhibit DX-0185.

3. Attached hereto as Exhibit 2 is a true and correct copy of the May 27, 1999 letter from Daniel L. Boots to Michael P. Dunnam, marked as trial exhibit DX-0199.

4. Attached hereto as Exhibit 3 is a true and correct copy of the August 11, 1999 letter from Daniel L. Boots to Michael P. Dunnam, marked as trial exhibit DX-0202.

5. Attached hereto as Exhibit 4 is a true and correct copy of the July 31, 1995 letter from Frank Pringle to Roger Erb, marked as trial exhibit JTX-5 .

6. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the transcripts of the Videotaped Depositions of Roger Erb, dated July 27, 2016 and August 11, 2016.

7. Attached hereto as Exhibit 6 is a true and correct copy of the August 8, 1995 Additional Information Requirements for EFTEK, marked as trial exhibit PX-25.

8. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the transcripts from the trial in this matter that took place on April 17 – 21, 2017.

9. Attached hereto as Exhibit 8 is a true and correct copy of the September 13, 1999 from Michael P. Dunnam to Daniel L. Boots, marked as trial exhibit DX-0203.

10. Attached hereto as Exhibit 9 is a true and correct copy of the article *The Influence of Color Mixture of the Use of Glass Cullet Recovered From Municipal Solid Waste*, by E. Joseph Duckett, Conservation & Recycling, Vol. 3, pp. 175-185, marked as trial exhibit DX-0006.

11. Attached hereto as Exhibit 10 is a true and correct copy of excerpts of the United States Patent 6,230,521 file history, marked as trial exhibit PX-4.

12. Attached hereto as Exhibit 11 is a true and correct copy of excerpts of the transcript of the Videotape Deposition of Steven Rhea, dated April 13, 2017.

13. Attached hereto as Exhibit 12 is a true and correct copy of the November 11, 2004 GMG, LLC M.M. meeting transcript, marked as trial exhibit DX-0258.

14. Attached hereto as Exhibit 13 is a true and correct copy of the Declaration of Katie Flight in Support of Defendant's Paragraph 4(b) Disclosure, dated August 28, 2014, marked as trial exhibit PX-111.

15. Attached hereto as Exhibit 14 is a true and correct copy of the February 8, 1999 fax from T. Lame to S. Rhea, marked as trial exhibit JTX-26.

16. Attached hereto as Exhibit 15 is a true and correct copy of the October 16, 2003 email from Marvin Gridley to Anthony Cappellino, et al., marked as trial exhibit PX-134.

17. Attached hereto as Exhibit 16 is a true and correct copy of the December 7, 1998 letter from Tony Lame to David W. Knight, marked as trial exhibit JTX-22.

18. Attached hereto as Exhibit 17 is a true and correct copy of the January 22, 1999 letter from Richard L. Lehman to Tony Lame, marked as trial exhibit JTX-25.

19. Attached hereto as Exhibit 18 is a true and correct copy of the March 1, 2017 email from Matthew Satchwell to Matthew R. Berry, et al.

20. Attached hereto as Exhibit 19 is a true and correct copy of excerpts of the transcript of the Videotape Deposition of C. Philip Ross, dated April 18, 2017.

21. Attached hereto as Exhibit 20 is a true and correct copy of excerpts of the transcript of the Videotaped Rule 30(b)(6) Deposition of Peter Walters, dated June 29, 2016.

22. Attached hereto as Exhibit 21 is a true and correct copy of excerpts of the transcript of the Markman Hearing, dated April 6, 2016.

23. Attached hereto as Exhibit 22 is a true and correct copy of United States Patent 5,718,737, marked as trial exhibit JTX-1.

24. Attached hereto as Exhibit 23 is a true and correct copy of excerpts of the transcripts of the Videotaped Deposition of Steve W. Martin, dated October 5 - 6, 2016.

25. Attached hereto as Exhibit 24 is a true and correct copy of Plaintiff's Initial Disclosure Pursuant to Local Rule 4(c), dated October 31, 2014.

26. Attached hereto as Exhibit 25 is a true and correct copy of Plaintiffs' First Amended Disclosure Pursuant to Local Rule 4(c), dated July 8, 2016.

27. Attached hereto as Exhibit 26 is a true and correct copy of the April 6, 2017 email from Justin A. Nelson to Brian Biggs, et al.

28. Attached hereto as Exhibit 27 is a true and correct copy of excerpts of the Expert Report of Professor William M. Carty Regarding Invalidity of the Mosch Patent and Invalidity of the Lehman Patent, dated August 24, 2016.

29. Attached hereto as Exhibit 28 is a true and correct copy of Defendant's Second Amended Disclosure of Invalidity Contentions Pursuant to Paragraph 4(d), dated June 20, 2016.

30. Attached hereto as Exhibit 29 is a true and correct copy of Defendants' Identification of Prior Art Pursuant to 35 U.S.C. § 282, dated March 17, 2017.

31. Attached hereto as Exhibit 30 is a true and correct copy of the May 31, 2017 Law360 article by Matthew Bultman titled *How They Won It: Susman Nets $50M Verdict In Glass IP Row*.

32. Attached hereto as Exhibit 31 is a true and correct copy of the May 19, 2017 email from Brian Biggs to Matthew R. Berry.

33. Other than documents that were supplemented at Plaintiffs request and due to discovery disputes, all documents, including the batch histories Plaintiffs complain about in its motion, were produced before the close of fact discovery.

34. On trial day 5, after Plaintiffs declined to put on a rebuttal case, the Court held a sidebar to explain that Plaintiffs could present rebuttal infringement evidence and suggest that

Plaintiffs call Dr. Martin in rebuttal if possible. When the parties returned to counsel's table from sidebar, Ardagh's counsel noticed Dr. Martin was sitting in the courtroom, and brought this fact to Plaintiffs' counsel's attention. Plaintiffs did not correct the record to reflect Dr. Martin's presence.

35. Prior to the submission of exhibits to the jury, the Court instructed the parties that it preferred the exhibits be submitted in binders. Attached as Exhibit 32 is a true and correct copy of an April 21, 2017 email chain involving Mark Buckson and the paralegals for the parties. In the email, Mr. Buckson advised that the Court prefers binders for admitted exhibits. Ardagh provided its admitted exhibits in binders; Plaintiffs did not. The parties' paralegals met and conferred prior to the submission of exhibits, so the parties were aware of the difference in presentation.

Executed this 9th day of June, 2017, at Wilmington, Delaware.

/s/ Brian A. Biggs
Brian A. Biggs (DE Bar No. 5591)