IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREEN MOUNTAIN GLASS, LLC AND CULCHROME, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SAINT-GOBAIN CONTAINERS, INC. dba VERALLIA NORTH AMERICA,<br><br>Defendant. | Civil Action No.14-cv-392-GMS<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF ANTHONY C. LAME IN SUPPORT OF PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST, ENHANCED DAMAGES, ATTORNEYS' FEES, AND CONDITIONAL MOTION FOR A NEW TRIAL REGARDING ARDAGH'S INFRINGEMENT OF U.S. PATENT NO. 6,230,521**

I, ANTHONY C. LAME, declare as follows:

1. I am a Managing Member and the President of Plaintiffs Green Mountain Glass, LLC and CulChrome, LLC. I have been President since 2010, and Managing Member since their inception in 2003. Based on personal knowledge, if called upon, I could and would competently testify to the following.

2. I understand that Defendant Ardagh has opposed Plaintiffs request for an award of prejudgment interest at the prime rate, compounded quarterly on the ground that the prime rate would be too high of a rate for Plaintiffs or because Plaintiffs did not borrow funds during the damages period. Ardagh is incorrect. During the damages period in this case, and before, Green Mountain was forced to borrow money above the prime rate to finance its operations.

3. For example, on May 1, 2008, Green Mountain signed a promissory note and executed a loan for $408,000 at an interest rate of 9%. A signed copy of this promissory note was produced in this litigation at Bates Range GMG00000113206 - GMG00000113208. Green Mountain would not have had to borrow this money if it had been receiving reasonable royalties from Ardagh for its use of the '737 patent.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of June, 2017, at Bryn Mawr, Pennsylvania.

_____
ANTHONY C. LAME

$408,000              **PROMISSORY NOTE**             May 1, 2008

     FOR VALUE RECEIVED, Green Mountain Glass, LLC, a Delaware limited liability company with an address of c/o FCR, LLC, 809 West Hill Street, Charlotte, North Carolina 28208 (hereinafter referred to as the "Payor"), promises to pay to the order of FCR, LLC, a Delaware limited liability company, with an address of 809 West Hill Street, Charlotte, North Carolina 28208, its successor and assigns (hereinafter referred to as the "Payee" or, together with any other party which succeeds to its interests herein, whether by negotiation or otherwise, as the "Holder"), at such place of business or at such other place as may be designated hereafter by the Holder hereof, the lesser of the principal sum of Four Hundred Eight Thousand Dollars ($408,000.00) or the principal balance thereof from time to time advanced by Holder to the Payor, together with interest as provided for below, in lawful money of the United States of America, on or before May 1, 2009 (the "Maturity Date").

     Interest shall be calculated and charged daily on the basis of a 360 day banking year on the unpaid principal balance outstanding from time to time. The interest rate shall be equal to nine percent (9%) per annum during the term hereof, except as adjusted below in this paragraph. If the total amount of any and all outstanding principal and interest due under this Note is not paid in full on or before the Maturity Date, then the interest rate applicable to such amount shall be equal to twelve percent (12%) per annum from and after the Maturity Date.

     The Payor may prepay this Note, in whole or in part, at any time without the payment of any penalty, premium or charge of any nature whatsoever. Such prepayment shall occur as a result of any payments directly from Payor to Holder, or by directing that all revenues received by Payor during the pendency of this Note be immediately distributed to Holder, without regard to other obligations of Payor to any party, with fifty one percent (51%) of such revenues being allocated to Payee for prepayment purposes, and forty nine percent (49%) of such revenues being allocated to Payor Member, GR Technology, Inc. for prepayment purposes. In the event that any such prepayment shall be made by the Payor, the amount thereof shall be applied first to accrued interest, if any, and thereafter to principal in the inverse order of maturity. No such prepayment of principal under this Note shall entitle the Payor to obtain from the Holder a subsequent loan or re-advance of the principal amount of so repaid under this Note; the total aggregate amount which may be advanced by the Holder to the Payor hereunder shall not exceed the maximum sum stated above.

     This Note is issued pursuant to Article VIII, Section 9 of the Limited Liability Company Operating Agreement of the Payor dated as of April 29, 2003, as subsequently amended, from time to time up to and including an Amendment effective as of February 1, 2007.

CONFIDENTIAL                                                                                                                                    GMG00000113206

Upon the occurrence of any of the following events of default, this Note shall, at the option of the Holder, become immediately due and payable in full, without further demand or notice:

A. Default of the Payor in payment on its due date of any principal and/or interest under this Note or under any other promissory note issued by the Payor to the Holder, provided that such default continues for a period of five (5) days after the applicable due date.

B. The Payor shall (i) apply for or consent to the appointment of a receiver, trustee or liquidator of the Payor or of any of the Payor's property, (ii) admit in writing the Payor's inability to pay debts as they mature, (iii) make a general assignment for the benefit of creditors, (iv) be adjudicated as bankrupt or insolvent, or (v) file a voluntary petition in bankruptcy, or a petition or an answer seeking reorganization to take advantage of any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, dissolution or liquidation law or statute, or an answer admitting any material allegations of a petition filed against the Payor in any proceeding under any such law.

C. Proceedings shall be commenced or an order, judgment or decree shall be entered, without the application, approval or consent of the Payor, in or by any court of competent jurisdiction, relating to the bankruptcy, dissolution, liquidation or reorganization of, or the appointment of a receiver, trustee or liquidator for, the Payor or all or a substantial part of the Payor's assets, and such proceedings, order, judgment or decree shall continue undischarged and unstayed for a period of sixty (60) days or more.

The Payor shall pay on demand all reasonable out-of-pocket costs of collection hereof, including attorney's fees and expenses. No delay or omission on the part of the Holder in exercising any right, privilege or remedy shall impair such right, privilege or remedy or be construed as a waiver thereof or of any other right, privilege or remedy. No waiver of any right, privilege or remedy shall be effective unless made in writing and signed by the Holder. Under no circumstances shall an effective waiver of any right, privilege or remedy on any one occasion constitute or be construed as a bar to the exercise of or a waiver of such right, privilege or remedy on any future occasion. The acceptance by the Holder of any payment after any default hereunder shall not operate to extend the time of payment of any amount then remaining unpaid hereunder or constitute a waiver of any rights of the Holder under this Note. All rights and remedies of the Holder, whether granted herein or otherwise, shall be cumulative and may be exercised singularly or concurrently.

The Payor hereby (i) grants to the Holder a security interest in, or pledges, assigns and delivers to the Holder, as appropriate, all deposits, credits and other property now or hereafter due from the Holder to the Payor, and (ii) grants to the Holder the right to set-off and apply (and a security interest in said right), from time to time hereafter and without demand or notice of any nature, all or any portion, of such deposits, credits and other property, against the indebtedness evidenced by this Note.

CONFIDENTIAL

The Payor waives, to the fullest extent permitted by law, presentment, notice, protest and all other demands and notices and assents (i) to any extension of the time of payment or any other indulgence, (ii) to any substitution, exchange or release of collateral, and (iii) to the release of any other person primarily or secondarily liable for the obligations evidenced hereby.

This Note and the provisions hereof shall be binding upon the Payor and the Payor's legal representatives, successors and assigns, and shall inure to the benefit of the Holder and the Holder's legal representatives, successors and assigns. This Note may not be amended, changed or modified in any respect except by a written document which has been executed by each party. This Note is to be construed according to and governed by the laws of the State of Delaware. In the event of any dispute hereunder, the Payor agrees and irrevocably consents to the jurisdiction and venue of the federal or state courts sitting within the Commonwealth of Pennsylvania.

IN WITNESS WHEREOF, the Payor has executed this Promissory Note effective as of the 1st day of May, 2008.

**Green Mountain Glass, LLC**

_____        By: _____
Witness                        Name: SEAN DUFFY
                               Title: President
                               Duly Authorized

Acknowledged:

FCR, LLC
By: _____
Name: Sean Duffy
Title: Vice President

GR Technology, Inc.
By: _____
Name: Anthony Lame
Title: President

**CONFIDENTIAL**                                               GMG00000113208