# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF DOCKETING

### 18-1725 - Green Mountain Glass, LLC v. Saint-Gobain Containers, Inc.

**Date of docketing:** March 28, 2018

**Appeal from:** United States District Court for the District of Delaware case no. 1:14-cv-00392-GMS

**Appellant(s):** Saint-Gobain Containers, Inc.

**Critical dates include:**

- Date of docketing. See Fed. Cir. R. 12.
- Entry of appearance. (*Due within 14 days of the date of docketing.*) See Fed. Cir. R. 47.3.
- Certificate of interest. (*Due within 14 days of the date of docketing.*) See Fed. Cir. R. 47.4.
- Docketing Statement. (*Due within 14 days of the date of docketing or within 30 days if the United States or its officer or agency is a party in the appeal.*) [Only in cases where all parties are represented by counsel. See Fed. Cir. R. 33.1 and the mediation guidelines available at www.cafc.uscourts.gov.]
- Requests for extensions of time. See Fed. Cir. R. 26 and 27. **N.B. Delayed requests are not favored by the court**.
- Briefs. See Fed. Cir. R. 31. **N.B. You will not receive a separate briefing schedule from the Clerk's Office**. However, in a case involving an appellant, a cross-appellant, and an appellee, a special briefing schedule is used. The appellant's opening brief is due within 60 days of the date of docketing. The cross-appellant's opening brief is due within 40 days of filing of the appellant's opening brief. The appellee's brief is due within 40 days of filing of the cross-appellant's brief. The appellant's response/reply brief is due within 40 days of filing of the appellee's brief. The cross-appellant's reply brief is due within 14 days of filing of the appellant's response/reply brief. The joint appendix is due within 10 days of filing of the cross-appellant's reply brief.
- Settlement discussions. See Fed. Cir. R. 33.
- **ORAL ARGUMENT SCHEDULE CONFLICTS:** Counsel should advise the clerk in writing within 30 days once briefing is completed of potential scheduling conflicts or as soon as they are known and should not wait until an actual conflict arises. Once scheduled, a case will not be postponed except on motion showing **compelling reasons**. See Practice Note following Fed. Cir. R. 34.

The official caption is reflected on the electronic docket under the listing of the parties and counsel. The Rules of Practice and required forms are available at www.cafc.uscourts.gov.

Peter R. Marksteiner
Clerk of Court

cc: United States District Court for the District of Delaware
Brian Biggs
Brian E. Farnan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GREEN MOUNTAIN GLASS, LLC,
et al.,

        Plaintiffs,

        v.

SAINT-GOBAIN CONTAINERS, INC.,
d/b/a VERALLIA NORTH AMERICA,

        Defendant.

C.A. No. 14-392-GMS

## NOTICE OF APPEAL TO THE UNITED STATES
## COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Notice is hereby given that Defendant Saint-Gobain Containers, Inc., d/b/a Verallia North America, now known as Ardagh Glass Inc., in the above-named case, hereby appeals to the United States Court of Appeals for the Federal Circuit from the final judgment entered in this action on April 26, 2017 (D.I. 242) (the "Final Judgment"), the March 8, 2018 order on the parties' post-trial motions (the "Order on Post-Trial Motions") (D.I. 273 & 274), and from all findings, rulings, determinations, conclusions, orders, opinions, and decisions leading to or merged or incorporated into the Final Judgment or Order on Post-Trial Motions, and from all subsidiary findings and conclusions of the Court.

Date: March 23, 2018

Of Counsel:

John Allcock (*admitted pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2828
Facsimile: (619) 764-6628
john.allcock@dlapiper.com

Paul Steadman (*admitted pro hac vice*)
Matthew Satchwell (*admitted pro hac vice*)
Ferlillia V. Roberson (*admitted pro hac vice*)
Steven Reynolds (*admitted pro hac vice*)
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
paul.steadman@dlapiper.com
matthew.satchwell@dlapiper.com
ferlillia.roberson@dlapiper.com
steven.reynolds@dlapiper.com

Stuart E. Pollack (*admitted pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Telephone: (212) 335-4964
Facsimile: (212) 884-8464
stuart.pollack@dlapiper.com

Kathryn Riley Grasso (*admitted pro hac vice*)
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
kathryn.riley@dlapiper.com

Respectfully submitted,

**DLA PIPER LLP (US)**

  */s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: 302-468-5700
Facsimile: 302-394-2341
brian.biggs@dlapiper.com

*Attorneys for Defendant and Counterclaim*
*Plaintiff Saint-Gobain Containers, Inc. d/b/a*
*Verallia North America, now known as Ardagh*
*Glass Inc.*

2

Dawn M. Jenkins (*admitted pro hac vice*)
DLA PIPER LLP (US)
1000 Louisiana Street, Suite 2800
Houston, TX  77002-5005
Telephone:  (713) 425-8400
Facsimile:  (713) 425-8401
dawn.jenkins@dlapiper.com

3

CLOSED,APPEAL,MEDIATION–MPT,PATENT,SPECIALMASTER

## U.S. District Court
### District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:14–cv–00392–GMS
### *Internal Use Only*

Green Mountain Glass LLC et al v. Saint–Gobain Containers Inc.
Assigned to: Judge Gregory M. Sleet
Cause: 35:271 Patent Infringement

Date Filed: 03/28/2014
Date Terminated: 04/26/2017
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Special Master**

**Yvonne Takvorian Saville, –SM–**
Weiss, Saville & Houser, P.A.
1105 N. Market Street, Suite 200
P.O. Box 370
Wilmington, DE 19899

represented by **Yvonne Takvorian Saville**
Weiss, Saville & Houser, P.A.
1105 N. Market Street, Suite 200
P.O. Box 370
Wilmington, DE 19899
(302)656–0400
Email: ytsaville@mweissesq.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Green Mountain Glass LLC**

represented by **Brian E. Farnan**
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777–0300
Fax: (302) 777–0301
Email: bfarnan@farnanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John E. Schiltz**
Email: jschiltz@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
Email: jnelson@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew R. Berry**
Susman Godfrey LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Email: mberry@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Max L. Tribble**
Email: mtribble@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Farnan**
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801

302−777−0338
Fax: 302−421−5870
Email: mfarnan@farnanlaw.com
*ATTORNEY TO BE NOTICED*

**Robert S. Bramson**
Email: rbramson@b−p.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven M Shepard**
Email: sshepard@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Savage**
Email: zsavage@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Culchrome LLC**                    represented by    **Brian E. Farnan**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Michael J. Farnan**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Saint−Gobain Containers Inc.**      represented by    **Brian A. Biggs**
*doing business as*                                    DLA Piper LLP
Verallia North America                                 1201 N. Market Street, Suite 2100
                                                       Wilmington, DE 19801
                                                       302−468−5661
                                                       Email: brian.biggs@dlapiper.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Edmond D. Johnson**
                                                       Pepper Hamilton LLP
                                                       1313 Market Street, Suite 5100
                                                       P.O. Box 1709
                                                       Wilmington, DE 19899−1709
                                                       (302) 777−6539
                                                       Fax: (302) 421−8390
                                                       *TERMINATED: 12/23/2015*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Desa L. Burton**
                                                       Email: burtond@pepperlaw.com
                                                       *TERMINATED: 04/17/2015*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Erik N. Videlock**
                                                       Email: videlocke@pepperlaw.com
                                                       *TERMINATED: 01/20/2016*
                                                       *PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Ferlilia V. Roberson**
Email: ferlillia.roberson@dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Allcock**
Email: John.Allcock@dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Laura D. Hatcher**
U.S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899–2046
302–573–6277
Email: laura.hatcher@usdoj.gov
*TERMINATED: 01/04/2017*
*ATTORNEY TO BE NOTICED*

**M. Kelly Tillery**
Email: tilleryk@pepperlaw.com
*TERMINATED: 01/20/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew D. Satchwell**
Email: matthew.satchwell@dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Megan M. Kearney**
Email: kearneym@pepperlaw.com
*TERMINATED: 01/20/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa H. Davis**
Email: davismh@pepperlaw.com
*TERMINATED: 06/02/2015*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul R. Steadman**
Email: paul.steadman@dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Reynolds**
Email: steven.reynolds@dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stuart E. Pollack**
Email: stuart.pollack@dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Harry Stone Levine**
Pepper Hamilton LLP
1313 Market Street, Suite 5100
P.O. Box 1709

Wilmington, DE 19899–1709
302–777–6536
Email: levinejh@pepperlaw.com
*TERMINATED: 01/20/2016*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Saint–Gobain Containers Inc.**                represented by   **Edmond D. Johnson**
(See above for address)
*TERMINATED: 12/23/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Harry Stone Levine**
(See above for address)
*TERMINATED: 01/20/2016*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Culchrome LLC**                represented by   **Brian E. Farnan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Farnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Green Mountain Glass LLC**                represented by   **Brian E. Farnan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Farnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Saint–Gobain Containers Inc.**                represented by   **Edmond D. Johnson**
(See above for address)
*TERMINATED: 12/23/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Harry Stone Levine**
(See above for address)
*TERMINATED: 01/20/2016*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Culchrome LLC**                represented by   **Brian E. Farnan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Farnan**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Green Mountain Glass LLC**                represented by   **Brian E. Farnan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Farnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/28/2014 | 1 | COMPLAINT FOR PATENT INFRINGEMENT filed with Jury Demand against Saint–Gobain Containers Inc. – Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 311–1488015.) – filed by Green Mountain Glass LLC, Culchrome LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Civil Cover Sheet)(dmp, ) (Entered: 03/31/2014) |
| 03/28/2014 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (dmp, ) (Entered: 03/31/2014) |
| 03/28/2014 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) 5,718,737; US 6,230,521 B1;. (dmp, ) (Entered: 03/31/2014) |
| 03/31/2014 |  | Summons Issued with Magistrate Consent Notice attached as to Saint–Gobain Containers Inc. on 3/31/2014. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302–573–6170 and ask the Clerk to mail the summons to them. (dmp, ) (Entered: 03/31/2014) |
| 04/01/2014 | 4 | SUMMONS Returned Executed by Green Mountain Glass LLC, Culchrome LLC. Saint–Gobain Containers Inc. served on 3/31/2014, answer due 4/21/2014. (Farnan, Brian) (Entered: 04/01/2014) |
| 04/02/2014 |  | Case Assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb) (Entered: 04/02/2014) |
| 04/21/2014 | 5 | ANSWER to 1 Complaint, with Jury Demand, COUNTERCLAIM against Culchrome LLC, Green Mountain Glass LLC by Saint–Gobain Containers Inc..(Levine, James Harry) Modified on 6/13/2017 (mdb). (Entered: 04/21/2014) |
| 04/21/2014 | 6 | MOTION for Pro Hac Vice Appearance of Attorney Max L. Tribble and Justin A. Nelson of Susman Godfrey L.L.P. and Robert S. Bramson of Bramson & Pressman – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 04/21/2014) |
| 04/22/2014 |  | SO ORDERED – re 6 MOTION for Pro Hac Vice Appearance of Attorney Max L. Tribble and Justin A. Nelson of Susman Godfrey L.L.P. and Robert S. Bramson of Bramson & Pressman filed by Culchrome LLC, Green Mountain Glass LLC. Ordered by Chief Judge Gregory M. Sleet on 4/22/2014. (mdb) (Entered: 04/22/2014) |
| 04/29/2014 |  | Pro Hac Vice Attorney Justin A. Nelson for Green Mountain Glass LLC added for electronic noticing. (dmp, ) (Entered: 04/29/2014) |
| 05/01/2014 |  | Pro Hac Vice Attorney Robert S. Bramson for Green Mountain Glass LLC added for electronic noticing. (dmp, ) (Entered: 05/01/2014) |
| 05/07/2014 |  | Pro Hac Vice Attorney Max L. Tribble for Green Mountain Glass LLC added for electronic noticing. (dmp, ) (Entered: 05/07/2014) |
| 05/15/2014 | 7 | ANSWER to 5 Answer to Complaint,, Counterclaim, by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Michael) (Entered: 05/15/2014) |
| 06/03/2014 | 8 | MOTION for Pro Hac Vice Appearance of Attorney M. Kelly Tillery – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification of M. Kelly Tillery, # 2 |

| | | |
|---|---|---|
| | | Text of Proposed Order)(Levine, James Harry) (Entered: 06/03/2014) |
| 06/03/2014 | 9 | MOTION for Pro Hac Vice Appearance of Attorney Desa L. Burton – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification of Desa L. Burton, # 2 Text of Proposed Order)(Levine, James Harry) (Entered: 06/03/2014) |
| 06/03/2014 | 10 | MOTION for Pro Hac Vice Appearance of Attorney Megan M. Kearney – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification of Megan M. Kearney, # 2 Text of Proposed Order)(Levine, James Harry) (Entered: 06/03/2014) |
| 06/04/2014 | | SO ORDERED – re 9 MOTION for Pro Hac Vice Appearance of Attorney Desa L. Burton, 10 MOTION for Pro Hac Vice Appearance of Attorney Megan M. Kearney, 8 MOTION for Pro Hac Vice Appearance of Attorney M. Kelly Tillery. Ordered by Chief Judge Gregory M. Sleet on 6/4/2014. (mdb) (Entered: 06/04/2014) |
| 06/05/2014 | | Pro Hac Vice Attorney Megan M. Kearney for Saint–Gobain Containers Inc. added for electronic noticing. (dmp, ) (Entered: 06/05/2014) |
| 06/12/2014 | | Pro Hac Vice Attorney Desa L. Burton for Saint–Gobain Containers Inc. added for electronic noticing. (els) (Entered: 06/12/2014) |
| 06/12/2014 | | Pro Hac Vice Attorney M. Kelly Tillery for Saint–Gobain Containers Inc. added for electronic noticing. (els) (Entered: 06/12/2014) |
| 06/19/2014 | | ORAL ORDER SCHEDULING A RULE 16.2b SCHEDULING TELECONFERENCE: A Rule 16.2b Scheduling Teleconference has been set in this matter for Thursday, July 10, 2014, at 2:00 PM with the Honorable Gregory M. Sleet. The parties shall file a Joint Status Report (see court website for sample) no later than NOON on Wednesday, July 2, 2014. Counsel for plaintiff(s) is directed to initiate the call and contact chambers at (302) 573–4559 once all parties are on the line. Ordered by Chief Judge Sleet on 6/19/2014. (ctd) (Entered: 06/19/2014) |
| 07/02/2014 | 11 | Joint STATUS REPORT by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A)(Levine, James Harry) (Entered: 07/02/2014) |
| 07/10/2014 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Telephone Scheduling Conference held on 7/10/2014. Initial Disclosures due 8/1/2014; Amendment of Pleadings and Joinder of Parties due 11/10/2014; Claim Construction Briefing: Opening due 1/16/2015, Answering due 2/13/2015; A 3–Hour Markman Hearing is set for 4/29/2015 at 9:30 AM in Courtroom 4A; Fact Discovery due by 5/15/2015; Expert Discovery: Opening due 6/15/2015, Rebuttal due 7/15/2015, Completed by 8/17/2015; Letter Briefing re Summary Judgment: Opening due 9/17/2015, Answering due 9/24/2015, Reply due 10/1/2015; Final Pretrial Order due by the close of business on 3/14/2016; A Pretrial Conference is set for 4/12/2016 at 10:00 am in Courtroom 4A; A 5–day Jury Trial is set for 4/25/2016 at 9:30 am in Courtroom 4A. Case is referred to the Magistrate Judge for exploring ADR. Plaintiff's counsel shall file a proposed scheduling order by 7/18/2014. (Court Reporter Kevin Maurer.) (mdb) (Entered: 07/10/2014) |
| 07/18/2014 | 12 | PROPOSED ORDER Scheduling Order by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Letter to The Honorable Gregory M. Sleet)(Farnan, Brian) (Entered: 07/18/2014) |
| 07/23/2014 | | SO ORDERED – re 12 Proposed Order; Setting Scheduling Order Deadlines: Initial Disclosures due 8/1/2014; Amendment of Pleadings and Joinder of Parties due 11/10/2014; Claim Construction Briefing: Opening due 1/16/2015, Answering due 2/13/2015; A 3–Hour Markman Hearing is set for 4/29/2015 at 9:30 AM in Courtroom 4A; Fact Discovery due by 5/15/2015; Expert Discovery: Opening due 6/15/2015, Rebuttal due 7/15/2015, Completed by 8/17/2015; Letter Briefing re Summary Judgment: Opening due 9/17/2015, Answering due 9/24/2015, Reply due 10/1/2015; Final Pretrial Order due by the close of business on 3/14/2016; A Pretrial Conference is set for 4/12/2016 at 10:00 am in Courtroom 4A; A 5–day Jury Trial is set for 4/25/2016 at 9:30 am in Courtroom 4A. Case is referred to the Magistrate Judge for exploring ADR. Ordered by Judge Gregory M. Sleet on 7/23/2014. (mdb) (Entered: 07/23/2014) |
| 07/24/2014 | | CASE REFERRED to Judge Thynge for Mediation. (cak) (Entered: 07/24/2014) |

| 07/24/2014 | 13 | ORDER Setting Teleconference: Plaintiffs' counsel to initiate the call. A Telephone Conference is set for 8/21/2014 at 01:00 PM EASTERN TIME before Judge Mary Pat Thynge to discuss ADR. Signed by Judge Mary Pat Thynge on 7/24/14. (cak) (Entered: 07/24/2014) |
|---|---|---|
| 08/04/2014 | 14 | NOTICE OF SERVICE of Defendants' Rule 26(A) Initial Disclosures filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 08/04/2014) |
| 08/04/2014 | 15 | NOTICE OF SERVICE of Defendant's First Set of Requests for Production to Plaintiff Culchrome, LLC filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 08/04/2014) |
| 08/04/2014 | 16 | NOTICE OF SERVICE of Defendant's First Set of Requests for Production to Plaintiff Green Mountain Glass, LLC filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 08/04/2014) |
| 08/04/2014 | 17 | NOTICE OF SERVICE of (i) Plaintiffs' Initial Disclosure and (ii) Plaintiffs' Paragraph 4(a) Disclosure filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 08/04/2014) |
| 08/21/2014 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Telephone Conference held on 8/21/2014. (cak) (Entered: 08/21/2014) |
| 08/21/2014 | 18 | ORDER Setting Teleconference: IT IS ORDERED that teleconferences in this matter have been scheduled with Judge Thynge on Wednesday, January 14, 2015 as follows: At 9:30 a.m. Eastern Time with plaintiffs only. Plaintiffs counsel shall initiate the teleconference call; At 10:00 a.m. Eastern Time with defendants only. Defense counsel shall initiate the teleconference call; At 10:30 a.m. Eastern Time with both parties. Plaintiffs counsel to initiate the teleconference call. Signed by Judge Mary Pat Thynge on 8/21/14. (cak) (Entered: 08/21/2014) |
| 08/25/2014 | 19 | MOTION for Pro Hac Vice Appearance of Attorney Steven M. Shepard – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 08/25/2014) |
| 08/27/2014 | 20 | NOTICE OF SERVICE of Subpoena on Richard L. Lehman filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A (Lehman Subpoena))(Levine, James Harry) (Entered: 08/27/2014) |
| 08/27/2014 | 21 | NOTICE OF SERVICE of Subpoena on Duane A. Mosch filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A (Mosch Subpoena))(Levine, James Harry) (Entered: 08/27/2014) |
| 08/27/2014 | 22 | NOTICE OF SERVICE of of Subpoena on Frank Pringle filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A (Pringle Subpoena))(Levine, James Harry) (Entered: 08/27/2014) |
| 08/29/2014 | | SO ORDERED, re 19 MOTION for Pro Hac Vice Appearance of Attorney Steven M. Shepard filed by Culchrome LLC, Green Mountain Glass LLC. Ordered by Judge Gregory M. Sleet on 8/29/2014. (asw) (Entered: 08/29/2014) |
| 09/02/2014 | 23 | STIPULATION Extending Paragraph 4 Disclosures by Saint–Gobain Containers Inc.. (Levine, James Harry) (Entered: 09/02/2014) |
| 09/04/2014 | 24 | NOTICE OF SERVICE of Plaintiffs' Objections and Answers to Defendant's First Sets of Requests for Production filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 09/04/2014) |
| 09/08/2014 | 25 | SO ORDERED – re 23 Stipulation Extending Paragraph 4 Disclosures filed by Saint–Gobain Containers Inc. Signed by Judge Gregory M. Sleet on 9/4/2014. (mdb) (Entered: 09/08/2014) |
| 09/08/2014 | 26 | NOTICE OF SERVICE of (i) Plaintiffs' First Set of Interrogatories and (ii) Plaintiffs' First Request for Production filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 09/08/2014) |
| 09/08/2014 | | ORAL ORDER SCHEDULING A DISCOVERY TELECONFERENCE (#1): A Discovery Teleconference (#1) has been set in this matter for Wednesday, September 17, 2014, at 2:00 PM with the Honorable Gregory M. Sleet. Counsel for plaintiff is directed to arrange the conference call. A Joint Agenda letter (see court website for |

| | | |
|---|---|---|
| | | sample) shall be filed no later than the close of business on Thursday, September 11, 2014. Counsel shall contact chambers at (302) 573–4559 once all parties are on the line. Ordered by Judge Gregory M. Sleet on 9/8/2014. (ctd) (Entered: 09/08/2014) |
| 09/10/2014 | | Pro Hac Vice Attorney Steven M Shepard for Green Mountain Glass LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mas) (Entered: 09/10/2014) |
| 09/11/2014 | 27 | Joint Letter to The Honorable Gregory M. Sleet from Brian E. Farnan regarding Discovery Teleconference Agenda – re Oral Order,,. (Farnan, Brian) (Entered: 09/11/2014) |
| 09/16/2014 | 28 | STIPULATION Extending Paragraph 4 Disclosures by Saint–Gobain Containers Inc.. (Levine, James Harry) (Entered: 09/16/2014) |
| 09/17/2014 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Discovery Telephone Conference held on 9/17/2014. Discussion on the joint letter agenda (DI 27). The parties shall follow the Court's directives as discussed. (Court Reporter Kevin Maurer.) (mdb) (Entered: 09/17/2014) |
| 09/17/2014 | 29 | SO ORDERED – re 28 Stipulation Extending Paragraph 4 Disclosures filed by Saint–Gobain Containers Inc. Signed by Judge Gregory M. Sleet on 9/17/2014. (mdb) (Entered: 09/17/2014) |
| 09/23/2014 | 30 | Official Transcript of T/C held on 09 17 14 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/14/2014. Redacted Transcript Deadline set for 10/24/2014. Release of Transcript Restriction set for 12/22/2014. (kjm) (Entered: 09/23/2014) |
| 09/23/2014 | 31 | STIPULATION Extending Paragraph 4 Disclosures re 29 SO ORDERED by Saint–Gobain Containers Inc.. (Levine, James Harry) (Entered: 09/23/2014) |
| 09/24/2014 | 32 | SO ORDERED – re 31 Stipulation Extending Paragraph 4 Disclosures filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 9/24/2014. (mdb) (Entered: 09/24/2014) |
| 09/30/2014 | 33 | MOTION for Pro Hac Vice Appearance of Attorney Erik N. Videlock – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification of Erik N. Videlock To Be Admitted Pro Hac Vice, # 2 Text of Proposed Order)(Levine, James Harry) (Entered: 09/30/2014) |
| 09/30/2014 | 34 | PROPOSED ORDER Stipulated Protective Order by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Levine, James Harry) (Entered: 09/30/2014) |
| 10/01/2014 | | SO ORDERED, re 33 MOTION for Pro Hac Vice Appearance of Attorney Erik N. Videlock filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 10/1/2014. (asw) (Entered: 10/01/2014) |
| 10/01/2014 | | Pro Hac Vice Attorney Erik N. Videlock for Saint–Gobain Containers Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (els) (Entered: 10/01/2014) |
| 10/02/2014 | 35 | NOTICE OF SERVICE of Defendant's Paragraph 4(B) Disclosure filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 10/02/2014) |
| 10/02/2014 | 36 | NOTICE OF SERVICE of Defendant's Responses to Plaintiffs' First Set of Requests for Production (Nos. 1–96) filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 10/02/2014) |
| 10/02/2014 | 37 | NOTICE OF SERVICE of Defendant's Responses to Plaintiffs' First Set of Interrogatory Nos. 1–13 (Renumbered as Interrogatories Nos. 1–53 Pursuant to Federal Rule of Civil Procedure 33(A) and Del. Local Rule 26(A)(1)) filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 10/02/2014) |

| 10/03/2014 |    | SO ORDERED – re 34 Stipulated Protective Order filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 10/3/2014. (mdb) (Entered: 10/03/2014) |
|---|---|---|
| 10/07/2014 | 38 | NOTICE of Subpoena to Frank Pringle by Culchrome LLC, Green Mountain Glass LLC (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 10/07/2014) |
| 10/07/2014 | 39 | NOTICE OF SERVICE of Plaintiffs' Second Request for Production filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 10/07/2014) |
| 10/09/2014 | 40 | MOTION for Pro Hac Vice Appearance of Attorney John Schiltz – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 10/09/2014) |
| 10/10/2014 |    | SO ORDERED, re 40 MOTION for Pro Hac Vice Appearance of Attorney John Schiltz filed by Culchrome LLC, Green Mountain Glass LLC. Ordered by Judge Gregory M. Sleet on 10/10/2014. (asw) (Entered: 10/10/2014) |
| 10/10/2014 |    | Pro Hac Vice Attorney John E. Schiltz for Green Mountain Glass LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (rbe) (Entered: 10/10/2014) |
| 11/05/2014 | 41 | NOTICE OF SERVICE of Plaintiffs' Initial Disclosure Pursuant to Local Rule 4(c) filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 11/05/2014) |
| 11/10/2014 | 42 | MOTION for Leave to File Amended Answer and Affirmative Defenses – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Amended Answer to Complaint, # 2 Amended Answer (Redline), # 3 Text of Proposed Order)(Levine, James Harry) Modified on 6/13/2017 (mdb). (Entered: 11/10/2014) |
| 11/12/2014 | 43 | NOTICE OF SERVICE of Plaintiffs' Objections and Answers to Defendant's Second Set of Requests for Production filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 11/12/2014) |
| 11/18/2014 | 44 | MOTION for Pro Hac Vice Appearance of Attorney Matthew R. Berry – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 11/18/2014) |
| 11/20/2014 |    | SO ORDERED – re 44 MOTION for Pro Hac Vice Appearance of Attorney Matthew R. Berry filed by Culchrome LLC, Green Mountain Glass LLC. Ordered by Judge Gregory M. Sleet on 11/20/2014. (mdb) (Entered: 11/20/2014) |
| 11/21/2014 |    | Pro Hac Vice Attorney Matthew R. Berry for Green Mountain Glass LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mas, ) (Entered: 11/21/2014) |
| 11/21/2014 | 45 | STIPULATION TO EXTEND TIME to Extend Claim Construction Deadlines to Various Dates – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Michael) (Entered: 11/21/2014) |
| 11/25/2014 |    | SO ORDERED – re 45 STIPULATION TO EXTEND TIME to Extend Claim Construction Deadlines to Various Dates filed by Culchrome LLC, Green Mountain Glass LLC. Ordered by Judge Gregory M. Sleet on 11/25/2014. (mdb) (Entered: 11/25/2014) |
| 12/01/2014 | 46 | ANSWERING BRIEF in Opposition re 42 MOTION for Leave to File *Amended Answer and Affirmative Defenses* filed by Culchrome LLC, Green Mountain Glass LLC.Reply Brief due date per Local Rules is 12/11/2014. (Farnan, Brian) (Entered: 12/01/2014) |
| 12/02/2014 | 47 | NOTICE OF SERVICE of Defendant's Paragraph 4(D) Disclosures filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 12/02/2014) |
| 12/05/2014 | 48 | MOTION to Compel *Concerning Defense Counsel's Improper Possession of Plaintiffs' Privileged Documents* – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 12/05/2014) |
| 12/05/2014 | 49 | DECLARATION re 48 MOTION to Compel *Concerning Defense Counsel's Improper Possession of Plaintiffs' Privileged Documents* of John E. Schiltz by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, |

| | | |
|---|---|---|
| | | # 4 Exhibit 4, # 5 Exhibit 5)(Farnan, Brian) (Entered: 12/05/2014) |
| 12/09/2014 | 50 | REPLY to Response to Motion re 42 MOTION for Leave to File *Amended Answer and Affirmative Defenses /REPLY OF DEFENDANT IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES* filed by Saint–Gobain Containers Inc.. (Levine, James Harry) (Entered: 12/09/2014) |
| 12/12/2014 | | ORAL ORDER SCHEDULING A DISCOVERY TELECONFERENCE (#2): A Discovery Teleconference (#2) has been set in this matter for Thursday, December 18, 2014, at 2:00 PM with the Honorable Gregory M. Sleet. Counsel for plaintiff is directed to arrange the conference call. A Joint Agenda letter (see court website for sample) shall be filed no later than the close of business on Tuesday, December 16, 2014. Counsel shall contact chambers at (302) 573–4559 once all parties are on the line. Ordered by Judge Gregory M. Sleet on 12/12/2014. (ctd) (Entered: 12/12/2014) |
| 12/16/2014 | 51 | Letter to The Honorable Gregory M. Sleet from Brian E. Farnan regarding Agenda for December 18, 2014 Discovery Teleconference. (Farnan, Brian) (Entered: 12/16/2014) |
| 12/18/2014 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Telephone Scheduling Conference held on 12/18/2014. Rulings on the discovery issues outlined in the letter filed at DI 51 . Counsel shall follow the court's directives as discussed. (Court Reporter Kevin Maurer.) (mdb) (Entered: 12/18/2014) |
| 12/22/2014 | 52 | Official Transcript of T/C held on 12 18 14 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/12/2015. Redacted Transcript Deadline set for 1/22/2015. Release of Transcript Restriction set for 3/23/2015. (kjm) (Entered: 12/22/2014) |
| 12/22/2014 | 53 | ANSWERING BRIEF in Opposition re 48 MOTION to Compel *Concerning Defense Counsel's Improper Possession of Plaintiffs' Privileged Documents* filed by Saint–Gobain Containers Inc..Reply Brief due date per Local Rules is 1/5/2015. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit A–1, # 4 Exhibit A–2, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H)(Levine, James Harry) (Entered: 12/22/2014) |
| 01/05/2015 | 54 | REPLY BRIEF re 48 MOTION to Compel *Concerning Defense Counsel's Improper Possession of Plaintiffs' Privileged Documents* filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 01/05/2015) |
| 01/05/2015 | 55 | DECLARATION re 54 Reply Brief *of John E. Schiltz* by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibit 6, # 2 Exhibit 7, # 3 Exhibit 8)(Farnan, Brian) (Entered: 01/05/2015) |
| 01/14/2015 | 56 | ORAL ORDER: The series of teleconferences in this matter scheduled with Judge Thynge for Wednesday, January 14, 2015 beginning at 9:30 a.m. are cancelled and rescheduled for Thursday, March 12, 2015 as follows: At 10:00 a.m. Eastern Time with plaintiffs only. Plaintiffs counsel shall initiate the teleconference call; At 10:30 a.m. Eastern Time with defendants only. Defense counsel shall initiate the teleconference call; At 11:00 a.m. Eastern Time with both parties. Plaintiffs counsel to initiate the teleconference call. Ordered by Judge Mary Pat Thynge on 1/14/15. (cak) (Entered: 01/14/2015) |
| 01/14/2015 | 57 | ORDER – denying 48 Motion to Compel. Signed by Judge Gregory M. Sleet on 1/14/2015. (mdb) (Entered: 01/14/2015) |
| 01/21/2015 | 58 | CLAIM Construction Chart by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 01/21/2015) |
| 02/11/2015 | 59 | CLAIM CONSTRUCTION OPENING BRIEF filed by Saint–Gobain Containers Inc.. (Levine, James Harry) (Entered: 02/11/2015) |
| 02/11/2015 | 60 | CLAIM CONSTRUCTION OPENING BRIEF filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Michael) (Entered: 02/11/2015) |
| 02/11/2015 | 61 | DECLARATION re 60 Claim Construction Opening Brief by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Michael) |

| | | |
|---|---|---|
| | | (Entered: 02/11/2015) |
| 02/17/2015 | 62 | NOTICE OF SERVICE of Defendant's First Set of Interrogatories to Plaintiffs (Nos. 1–8) filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Levine, James Harry) (Entered: 02/17/2015) |
| 02/19/2015 | 63 | NOTICE to Take Deposition of Nathan Creuea on March 19, 2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/19/2015 | 64 | NOTICE to Take Deposition of Katie Flight on March 31, 2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/19/2015 | 65 | NOTICE to Take Deposition of Steven Rhea on April 8, 2014 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/19/2015 | 66 | NOTICE to Take Deposition of Heidi Liebi Root on April 2, 2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/19/2015 | 67 | NOTICE to Take Deposition of Sean Sabet on April 7, 2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/19/2015 | 68 | NOTICE to Take Deposition of Jearold Stewart on March 17, 2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/19/2015 | 69 | NOTICE to Take Deposition of Kenneth Wagner on March 13, 2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/19/2015 | 70 | NOTICE to Take Deposition of Peter Walters on April 9, 2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/19/2015 | 71 | NOTICE to Take Deposition of Defendant Pursuant to Rule 30(b)(6) on April 30, 2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/19/2015) |
| 02/24/2015 | 72 | NOTICE OF SERVICE of (i) Plaintiffs' Amended Objections and Answers to Defendant's Second Set of Requests for Production; and (ii) Supplemental Disclosure pursuant to Paragraph 5(b) of the Default Standard for Discovery filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/24/2015) |
| 02/25/2015 | 73 | NOTICE OF SERVICE of (i) Initial Paragraph 5(b) Disclosure, pursuant to the Default Standard for Discovery and (ii) Supplemental Paragraph 3 Disclosure, pursuant to the Default Standard for Discovery filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/25/2015) |
| 02/25/2015 | | ORAL ORDER SCHEDULING A THIRD DISCOVERY TELECONFERENCE: A Discovery Teleconference (#3) has been set in this matter for Tuesday, March 3, 2015, at 2:00 PM with the Honorable Gregory M. Sleet. The parties shall file a jointly prepared letter presenting good cause why a fourth discovery teleconference should be scheduled. A Joint Agenda letter (see court website for sample) shall be filed no later than NOON on Monday, March 2, 2015. Counsel shall contact chambers at (302) 573–4559 once all the parties are on the line. Ordered by Judge Gregory M. Sleet on 2/25/2015. (ctd) (Entered: 02/25/2015) |
| 02/25/2015 | 74 | SO ORDERED – re 42 MOTION for Leave to File *Amended Answer and Affirmative Defenses*. The Amended Answer shall be re–filed by defendant's counsel. Signed by Judge Gregory M. Sleet on 2/25/2015. (mdb) (Entered: 02/25/2015) |
| 02/26/2015 | 75 | NOTICE OF SERVICE of Defendant's Third Set of Requests for Production to Plaintiff Green Mountain Glass, LLC (88–112) filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 02/26/2015) |
| 02/26/2015 | 76 | NOTICE OF SERVICE of Defendant's Third Set of Requests for Production to Plaintiff Culchrome, LLC (88–112) filed by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 02/26/2015) |
| 02/26/2015 | 77 | Amended ANSWER to 1 Complaint, with Jury Demand , COUNTERCLAIM against Culchrome LLC, Green Mountain Glass LLC by Saint–Gobain Containers Inc..(Levine, James Harry) (Entered: 02/26/2015) |

| 03/02/2015 | 78 | Letter to The Honorable Gregory M. Sleet from Brian E. Farnan regarding Joint Agenda for March 3, 2015 Teleconference. (Farnan, Brian) (Entered: 03/02/2015) |
|---|---|---|
| 03/03/2015 | 79 | NOTICE of Subpoenas by Culchrome LLC, Green Mountain Glass LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Farnan, Brian) (Entered: 03/03/2015) |
| 03/04/2015 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Telephone Discovery Conference held on 3/3/2015. Rulings on the discovery issues raised in the 78 Joint Status Letter. Counsel shall have a further meet–and–confer as directed by the court. (Court Reporter Kevin Maurer.) (mdb) (Entered: 03/04/2015) |
| 03/06/2015 | 80 | Official Transcript of TC held on 03 03 15 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/27/2015. Redacted Transcript Deadline set for 4/6/2015. Release of Transcript Restriction set for 6/4/2015. (kjm) (Entered: 03/06/2015) |
| 03/11/2015 | 81 | Joint APPENDIX *for Claim Construction Briefing* by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Tab 1, # 2 Tab 2, # 3 Tab 3, # 4 Tab 4, # 5 Tab 5, # 6 Tab 6, # 7 Tab 7, # 8 Tab 8, # 9 Tab 9, # 10 Tab 10, # 11 Tab 11, # 12 Tab 12, # 13 Tab 13, # 14 Tab 14)(Farnan, Brian) (Entered: 03/11/2015) |
| 03/11/2015 | 82 | CLAIM CONSTRUCTION REPLY BRIEF re 60 Claim Construction Opening Brief filed by Saint–Gobain Containers Inc.. (Levine, James Harry) (Entered: 03/11/2015) |
| 03/11/2015 | 83 | DECLARATION re 82 Claim Construction Reply Brief *IN SUPPORT OF DEFENDANT'S RESPONSE TO PLANTIFFS' OPENING CLAIM CONSTRUCTION BRIEF* by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A)(Levine, James Harry) (Entered: 03/11/2015) |
| 03/11/2015 | 84 | CLAIM CONSTRUCTION ANSWERING BRIEF re 59 Claim Construction Opening Brief filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 03/11/2015) |
| 03/12/2015 | 85 | ORAL ORDER: Teleconferences with Judge Thynge are scheduled for 6/22/15 as follows: 12:00 PM Eastern Time with plaintiffs only to be initiated by plaintiffs' counsel; 12:20 PM Eastern Time with defendants only to be initiated by defense counsel; and 12:40 PM Eastern Time with both parties to be initiated by defense counsel. Signed by Judge Mary Pat Thynge on 3/12/15. (cak) (Entered: 03/12/2015) |
| 03/12/2015 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 3/12/2015. (cak) (Entered: 03/12/2015) |
| 03/13/2015 | 86 | NOTICE to Take Deposition of Heidi Liebi Root on 4/17/2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
| 03/13/2015 | 87 | NOTICE to Take Deposition of Jearold Stewart on 4/7/2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
| 03/13/2015 | 88 | NOTICE to Take Deposition of Katie Flight on 4/13/2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
| 03/13/2015 | 89 | NOTICE to Take Deposition of Kenneth Wagner on 3/27/2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
| 03/13/2015 | 90 | NOTICE to Take Deposition of Nathan Cruea on 4/9/2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
| 03/13/2015 | 91 | NOTICE to Take Deposition of Peter Walters on 4/24/2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
| 03/13/2015 | 92 | NOTICE to Take Deposition of Sean Sabet on 4/20/2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
| 03/13/2015 | 93 | NOTICE to Take Deposition of Steven Rhea on 4/22/2015 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |

| 03/13/2015 | 94 | NOTICE to Take Deposition of Saint–Gobain Containers, Inc. on 4/1/2015 [#1] filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
|---|---|---|
| 03/13/2015 | 95 | NOTICE to Take Deposition of Saint–Gobain Containers, Inc. on 4/15/2015 [#2] filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/13/2015) |
| 03/16/2015 | 96 | Amended ANSWER to 77 Answer to Complaint, Counterclaim by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Michael) (Entered: 03/16/2015) |
| 03/17/2015 | 97 | NOTICE OF SERVICE of Plaintiffs' Objections and Responses to Defendant's First Interrogatories filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/17/2015) |
| 03/17/2015 | 98 | NOTICE of Subpoenas by Culchrome LLC, Green Mountain Glass LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 03/17/2015) |
| 03/23/2015 | 99 | MOTION for Pro Hac Vice Appearance of Attorney Melissa H. Davis – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification of Melissa H. Davis, # 2 Text of Proposed Order)(Levine, James Harry) (Entered: 03/23/2015) |
| 03/24/2015 | | SO ORDERED – re 99 MOTION for Pro Hac Vice Appearance of Attorney Melissa H. Davis filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 3/24/2015. (mdb) (Entered: 03/24/2015) |
| 03/25/2015 | | Pro Hac Vice Attorney Melissa H. Davis for Saint–Gobain Containers Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (els) (Entered: 03/25/2015) |
| 03/26/2015 | 100 | Joint STIPULATION to Stay Proceedings Pending Inter Partes Review by Saint–Gobain Containers Inc.. (Levine, James Harry) (Entered: 03/26/2015) |
| 03/30/2015 | 101 | SO ORDERED – re 100 Stipulation to Stay Proceedings Pending Inter Partes Review filed by Saint–Gobain Containers Inc. Case stayed. Signed by Judge Gregory M. Sleet on 3/27/2015. (mdb) (Entered: 03/30/2015) |
| 03/30/2015 | 102 | ORDER – Case is closed for administrative purposes with leave to reopen if further attention by the Court is required. The parties shall file a joint status report every 90 days from the date of this order. All deadlines and hearings have been terminated (CASE CLOSED). Signed by Judge Gregory M. Sleet on 3/27/2015. (mdb) (Entered: 03/30/2015) |
| 04/17/2015 | 103 | NOTICE requesting Clerk to remove Desa L. Burton as co–counsel. Reason for request: No Longer Representing Party. (Attachments: # 1 Certificate of Service)(Levine, James Harry) (Entered: 04/17/2015) |
| 04/17/2015 | | (Court only) *** Attorney Desa L. Burton terminated. (mdb) (Entered: 04/17/2015) |
| 06/02/2015 | 104 | NOTICE requesting Clerk to remove Melissa H. Davis as co–counsel. Reason for request: No Longer Representing Party. (Levine, James Harry) (Entered: 06/02/2015) |
| 06/02/2015 | | (Court only) *** Attorney Melissa H. Davis terminated. (mas, ) (Entered: 06/02/2015) |
| 06/19/2015 | 105 | ORAL ORDER: In light of the stay entered in this matter, the serial teleconferences for June 22, 2015 are cancelled. Counsel shall provide to Judge Thynge, with a copy to her Judicial Assistant, Ms. Kennedy, via e/mail a copy of the joint status reports ordered by Judge Sleet ( D.I. 102 ) on March 30, 2015. Issued by Judge Mary Pat Thynge on 6/19/15. (kjk) (Entered: 06/19/2015) |
| 06/23/2015 | 106 | Joint STATUS REPORT by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Michael) (Entered: 06/23/2015) |
| 07/09/2015 | 107 | NOTICE of Change of Address by Brian E. Farnan (Farnan, Brian) (Entered: 07/09/2015) |
| 09/21/2015 | 108 | Joint STATUS REPORT by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Michael) (Entered: 09/21/2015) |

| | | |
|---|---|---|
| 10/07/2015 | [109](#) | NOTICE of Appearance by Brian A. Biggs on behalf of Saint–Gobain Containers Inc. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 10/07/2015) |
| 10/07/2015 | [110](#) | Letter to The Honorable Gregory M. Sleet from Brian E. Farnan regarding Denial of Request to Institute Inter Partes Review. (Farnan, Brian) (Entered: 10/07/2015) |
| 12/23/2015 | [111](#) | NOTICE of Withdrawal requesting Clerk to remove Edmond D. Johnson, formerly of Pepper Hamilton LLP, as lead counsel. Reason for request: no longer with firm. by Saint–Gobain Containers Inc. (Levine, James Harry) (Entered: 12/23/2015) |
| 12/23/2015 | | (Court only) *** Attorney Edmond D. Johnson terminated. (mdb) (Entered: 12/23/2015) |
| 01/11/2016 | [112](#) | Joint STIPULATION to Lift the Stay by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 01/11/2016) |
| 01/13/2016 | | (Court only) ***Case Reopened (mdb) (Entered: 01/13/2016) |
| 01/13/2016 | | ORAL ORDER – granting 112 Joint Stipulation to Lift the Stay. The parties shall file a joint status report that includes an amended proposed schedule by 1/21/2016. Ordered by Judge Gregory M. Sleet on 1/13/2016. (mdb) (Entered: 01/13/2016) |
| 01/13/2016 | [113](#) | MOTION for Pro Hac Vice Appearance of Attorney Matthew Satchwell – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification, # 2 Text of Proposed Order, # 3 Certificate of Service)(Biggs, Brian) (Entered: 01/13/2016) |
| 01/19/2016 | | SO ORDERED – re 113 MOTION for Pro Hac Vice Appearance of Attorney Matthew Satchwell filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 1/19/2016. (mdb) (Entered: 01/19/2016) |
| 01/19/2016 | [114](#) | MOTION for Pro Hac Vice Appearance of Attorney Stuart E. Pollack – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification, # 2 Text of Proposed Order, # 3 Certificate of Service)(Biggs, Brian) (Entered: 01/19/2016) |
| 01/20/2016 | [115](#) | NOTICE of Withdrawal of the Appearances of James H. S. Levine, Pepper Hamilton LLP and pro hac vice appearances of M. Kelly Tillery, Erik N. Videlock and Megan Kearney as counsel for Defendant/Counterclaim Plaintiff, Saint–Gobain Containers, Inc. d/b/a Verallia North America by Saint–Gobain Containers Inc. (Levine, James Harry) (Entered: 01/20/2016) |
| 01/20/2016 | | (Court only) *** Attorney M. Kelly Tillery; Erik N. Videlock; Megan M. Kearney and James Harry Stone Levine terminated. (mdb) (Entered: 01/20/2016) |
| 01/20/2016 | | SO ORDERED – re 114 MOTION for Pro Hac Vice Appearance of Attorney Stuart E. Pollack filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 1/20/2016. (mdb) (Entered: 01/20/2016) |
| 01/21/2016 | [116](#) | NOTICE of Appearance by Laura D. Hatcher on behalf of Saint–Gobain Containers Inc. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 01/21/2016) |
| 01/21/2016 | [117](#) | Joint STATUS REPORT by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Michael) (Entered: 01/21/2016) |
| 01/26/2016 | [118](#) | Official Transcript of T/C held on 07 10 14 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/16/2016. Redacted Transcript Deadline set for 2/26/2016. Release of Transcript Restriction set for 4/25/2016. (kjm) (Entered: 01/26/2016) |
| 01/26/2016 | [119](#) | NOTICE OF SERVICE of Plaintiffs' Third Request for Production filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 01/26/2016) |
| 01/26/2016 | [120](#) | MOTION for Pro Hac Vice Appearance of Attorney Ferlillia V. Roberson – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification, # 2 Text of Proposed Order, # 3 Certificate of Service)(Biggs, Brian) (Entered: 01/26/2016) |
| 01/27/2016 | | Pro Hac Vice Attorney Matthew D. Satchwell, Stuart E. Pollack for Saint–Gobain Containers Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file |

| | | |
|---|---|---|
| | | all papers. (cna) (Entered: 01/27/2016) |
| 01/27/2016 | 121 | MOTION for Pro Hac Vice Appearance of Attorney Paul Steadman – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification, # 2 Text of Proposed Order, # 3 Certificate of Service)(Biggs, Brian) (Entered: 01/27/2016) |
| 01/28/2016 | | SO ORDERED – re 120 MOTION for Pro Hac Vice Appearance of Attorney Ferlillia V. Roberson filed by Saint–Gobain Containers Inc., 121 MOTION for Pro Hac Vice Appearance of Attorney Paul Steadman filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 1/28/2016. (mdb) (Entered: 01/28/2016) |
| 02/01/2016 | | ORAL ORDER SCHEDULING A TELECONFERENCE re: CASE MANAGEMENT: A Teleconference to discuss the schedule in this matter has been set for Tuesday, February 23, 2016, at 10:00 AM with the Honorable Gregory M. Sleet. Counsel for plaintiff(s) is directed to arrange the conference call and contact chambers at (302) 573–4559 once all the participants are on the line. Ordered by Judge Gregory M. Sleet on 2/1/2016. (asw) (Entered: 02/01/2016) |
| 02/03/2016 | | Pro Hac Vice Attorney Ferlilia V. Roberson for Saint–Gobain Containers Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (cna) (Entered: 02/03/2016) |
| 02/03/2016 | | Pro Hac Vice Attorney Paul R. Steadman for Saint–Gobain Containers Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (klc) (Entered: 02/03/2016) |
| 02/09/2016 | 122 | NOTICE OF SERVICE of Plaintiffs' First Amended Interrogatories 1–7, 17, and 20 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Michael) (Entered: 02/09/2016) |
| 02/12/2016 | 123 | NOTICE to Take Deposition of Saint–Gobain Containers, Inc. 30(b)(6) on February 26, 2016 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Michael) (Entered: 02/12/2016) |
| 02/16/2016 | 124 | MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101 – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Hatcher, Laura) Modified on 2/16/2016 (mdb). (Entered: 02/16/2016) |
| 02/16/2016 | 125 | OPENING BRIEF in Support re 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101 filed by Saint–Gobain Containers Inc..Answering Brief/Response due date per Local Rules is 3/4/2016. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service)(Hatcher, Laura) (Entered: 02/16/2016) |
| 02/18/2016 | 126 | MOTION to Strike 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101 – filed by Green Mountain Glass LLC. (Attachments: # 1 Certificate of Compliance, # 2 Text of Proposed Order)(Farnan, Brian) (Entered: 02/18/2016) |
| 02/18/2016 | | (Court only) ***Set Answering Brief Deadline re 126 MOTION to Strike 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101 . Answering Brief/Response due date per Local Rules is 3/7/2016. (mdb) (Entered: 02/19/2016) |
| 02/22/2016 | 127 | RESPONSE to Motion re 126 MOTION to Strike 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 02/22/2016) |
| 02/22/2016 | 128 | NOTICE to Take Deposition of Defendant on March 8, 2016 filed by Green Mountain Glass LLC.(Farnan, Brian) (Entered: 02/22/2016) |
| 02/23/2016 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Telephone Scheduling Conference held on 2/23/2016. Plaintiffs withdrew their Motion to Strike ( 126 ). They are given until 3/11/2016 to respond to the Motion for Judgment on the Pleadings ( 124 ). The Reply Brief will be filed pursuant to the Local Rules. Case is referred to the Magistrate Judge for exploring ADR. The Markman Hearing (half–day) is set for 4/6/2016 at 9:30 AM in Courtroom 4A, the Final Pretrial Conference is set for 5/8/2017 at 10:00 AM in Courtroom 4A, and a 5–day Jury Trial is set for 6/5/2017 |

| | | |
|---|---|---|
| | | at 9:30 AM in Courtroom 4A. The parties are directed to work out the remaining case deadlines, and the plaintiff shall file the proposed scheduling order by 3/2/2016. (Court Reporter Stacy Ingram.) (mdb) (Entered: 02/23/2016) |
| 02/23/2016 | | (Court only) ***Motions terminated: 126 MOTION to Strike 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101 filed by Green Mountain Glass LLC., Set Briefing Schedule: re 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101. (Answering Brief due 3/11/2016.) (mdb) (Entered: 02/23/2016) |
| 02/23/2016 | 129 | NOTICE OF SERVICE of Defendant's Responses and Objections to Plaintiffs' Second Amended Notice of 30(b)(6) Deposition #1 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 02/23/2016) |
| 02/25/2016 | | ORAL ORDER – The 5–day jury trial set during the 2/23/2016 scheduling teleconference IS CHANGED to 4/17/2017 at 9:30 AM in Courtroom 4A. The Pretrial Conference is also RESCHEDULED to 3/27/2017 at 10:00 AM in Courtroom 4A. The Final Pretrial Order is due by 3/8/2017. The plaintiff shall file the proposed scheduling order by 3/7/2016. Ordered by Judge Gregory M. Sleet on 2/25/2016. (mdb) (Entered: 02/25/2016) |
| 03/01/2016 | 130 | NOTICE OF SERVICE of Defendant Saint–Gobain Containers, Inc. d/b/a Verallia North America n/k/a Ardagh Glass Inc.'s Objections and Responses to Plaintiffs' Third Request for Production filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 03/01/2016) |
| 03/04/2016 | 131 | NOTICE OF SERVICE of Plaintiffs' Objections and Answers to Defendant's Third Set of Requests for Production filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/04/2016) |
| 03/04/2016 | 132 | PROPOSED ORDER Proposed Amended Scheduling Order by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Letter to The Honorable Gregory M. Sleet)(Farnan, Michael) (Entered: 03/04/2016) |
| 03/10/2016 | | SO ORDERED – re 132 Proposed Scheduling Order: (A Markman Hearing (half–day) is set for 4/6/2016 at 9:30 AM in Courtroom 4A., Fact Discovery completed by 7/27/2016., Opening Expert Reports due by 8/17/2016., Rebuttal Expert Reports due by 9/16/2016., Expert Discovery due by 10/7/2016., Letter Briefing re Summary Judgment: Opening Letter due by 11/4/2016, Response Letter due by 11/11/2016, Reply Letter due by 11/18/2016., Proposed Pretrial Order due by 3/8/2017., A Final Pretrial Conference is set for 3/27/2017 at 10:00 AM in Courtroom 4A., A 5–day Jury Trial is set for 4/17/2017 at 09:30 AM in Courtroom 4A.). Ordered by Judge Gregory M. Sleet on 3/10/2016. (mdb) Modified on 3/10/2016 (mdb). (Entered: 03/10/2016) |
| 03/10/2016 | | Remark – Added summary judgment letter briefing schedule to the oral order dated 3/10/2016. (mdb) (Entered: 03/10/2016) |
| 03/11/2016 | 133 | ANSWERING BRIEF in Opposition re 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101 filed by Green Mountain Glass LLC.Reply Brief due date per Local Rules is 3/21/2016. (Farnan, Brian) (Entered: 03/11/2016) |
| 03/11/2016 | 134 | NOTICE to Take Deposition of Plaintiff Green Mountain Glass, LLC to take 30(b)(6) Deposition on 4/11/2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 03/11/2016) |
| 03/11/2016 | 135 | NOTICE to Take Deposition of Plaintiff Culchrome, LLC to take 30(b)(6) Deposition on 4/12/2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 03/11/2016) |
| 03/14/2016 | 136 | NOTICE OF SERVICE of Defendant's Responses and Objections to Plaintiffs' First Amended Interrogatories 1–7, 17, and 20 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 03/14/2016) |
| 03/14/2016 | 137 | NOTICE to Take Deposition of Saint–Gobain Containers, Inc on 3/30/2016 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Michael) (Entered: 03/14/2016) |
| 03/21/2016 | 138 | NOTICE OF SERVICE of Defendant Saint–Gobain Containers, Inc. d/b/a Verallia North America n/k/a Ardagh Glass Inc.'s Amended Objections and Responses to |

| | | Plaintiffs' Third Request for Production filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 03/21/2016) |
|---|---|---|
| 03/21/2016 | 139 | REPLY BRIEF re 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 03/21/2016) |
| 03/23/2016 | 140 | REQUEST for Oral Argument by Saint–Gobain Containers Inc. re 124 MOTION for Judgment on the Pleadings Under 35 U.S.C. Statute 101. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 03/23/2016) |
| 03/23/2016 | 141 | NOTICE of Supplemental Authority by Culchrome LLC, Green Mountain Glass LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 03/23/2016) |
| 03/25/2016 | 142 | NOTICE OF SERVICE of Defendant's Responses and Objections to Plaintiffs' Second Amended Notice of Rule 30(b)(6) Deposition #2 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 03/25/2016) |
| 03/31/2016 | 143 | NOTICE OF SERVICE of Subpoena to Produce Documents to Gallo Glass Company and Subpoena to Testify at a Deposition to Gallo Glass Company filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Certificate of Service)(Biggs, Brian) (Entered: 03/31/2016) |
| 04/01/2016 | 144 | NOTICE OF SERVICE of Subpoena to Produce Documents to MillerCoors Bottling Company and Subpoena to Testify at a Deposition to MillerCoors Bottling Company filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service)(Biggs, Brian) (Entered: 04/01/2016) |
| 04/01/2016 | 145 | Letter to The Honorable Gregory M. Sleet from Laura D. Hatcher regarding Parties' Progress in Narrowing Claim Construction Disputes. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hatcher, Laura) (Entered: 04/01/2016) |
| 04/05/2016 | 146 | NOTICE OF SERVICE of Plaintiffs' Objections to Defendant's Deposition Notices under Rule 30(b)(6) filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 04/05/2016) |
| 04/05/2016 | 147 | NOTICE OF SERVICE of Subpoenas to Produce Documents and Testify at Deposition to Chris Savage of Gallo Glass Company, Patrick Hurocy of Gallo Glass Company, Glass Packaging Institute c/o Tom Mabie, and Owens–Illinois Glass Company filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Certificate of Service)(Biggs, Brian) (Entered: 04/05/2016) |
| 04/06/2016 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Markman Hearing held on 4/6/2016. Claim construction presentations. The Court will take the matter under consideration and issue an order in due course. (Court Reporter Kevin Maurer.) (mdb) (Entered: 04/06/2016) |
| 04/07/2016 | 148 | NOTICE OF SERVICE of Revised Subpoena to Produce Documents and Subpoena to Testify at a Deposition to Owens–Illinois Glass Container Company re 147 Notice of Service, filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service)(Biggs, Brian) (Entered: 04/07/2016) |
| 04/26/2016 | 149 | NOTICE to Take Deposition of Plaintiff Green Mountain Glass, LLC to take 30(b)(6) Deposition on 5/10/2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 04/26/2016) |
| 04/26/2016 | 150 | NOTICE to Take Deposition of Plaintiff Culchrome, LLC to take 30(b)(6) Deposition on 5/11/2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 04/26/2016) |
| 04/27/2016 | 151 | ORDER CONSTRUING THE TERMS of U.S. Patent Nos. 5,718,737 and 6,230,521. Signed by Judge Gregory M. Sleet on 4/27/2016. (mdb) (Entered: 04/27/2016) |
| 05/06/2016 | 152 | NOTICE to Take Deposition of Robert Cameron Billmyer on June 14, 2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 05/06/2016) |

| 05/06/2016 | [153](#) | NOTICE to Take Deposition of Warren Blasland on June 15, 2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 05/06/2016) |
|---|---|---|
| 05/06/2016 | [154](#) | NOTICE to Take Deposition of Anthony C. Lame on June 23, 2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 05/06/2016) |
| 05/06/2016 | [155](#) | NOTICE to Take Deposition of Graham McDonald on June 13, 2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 05/06/2016) |
| 05/18/2016 | [156](#) | NOTICE OF SERVICE of Defendant's First Amended Disclosure of Invalidity Contentions Pursuant to Paragraph 4(d) filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 05/18/2016) |
| 06/02/2016 | [157](#) | NOTICE OF SERVICE of Plaintiffs' Objections and Supplemental Response to Defendant's Interrogatory Number 6 (Renumbered as Numbers 9 and 10) filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 06/02/2016) |
| 06/08/2016 | [158](#) | NOTICE to Take Deposition of Plaintiff Green Mountain Glass, LLC to take 30(b)(6) Deposition on 07/21/2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 06/08/2016) |
| 06/08/2016 | [159](#) | NOTICE to Take Deposition of Plaintiff CulChrome, LLC to take 30(b)(6) Deposition on 07/22/2016 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 06/08/2016) |
| 06/13/2016 | [160](#) | Letter to The Honorable Gregory M. Sleet from Brian E. Farnan regarding Request for Fourth Discovery Conference. (Farnan, Brian) (Entered: 06/13/2016) |
| 06/14/2016 | [161](#) | ORDER REFERRING CASE to Clerk for assignment of a Special Master regarding discovery. Signed by Judge Gregory M. Sleet on 6/14/2016. (asw) (Entered: 06/14/2016) |
| 06/15/2016 | [162](#) | NOTICE OF SERVICE of Subpoena to Testify at a Deposition in a Civil Action to Wayne A. Wallding filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Biggs, Brian) (Entered: 06/15/2016) |
| 06/20/2016 | [163](#) | ORDER appointing Special Master: Yvonne Takvorian Saville, SM appointed. Signed by Judge Gregory M. Sleet on 6/20/2016. (asw) (Entered: 06/20/2016) |
| 06/22/2016 | [164](#) | NOTICE OF SERVICE of Defendant's Second Amended Disclosure of Invalidity Contentions Pursuant to Paragraph 4(d) filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 06/22/2016) |
| 06/23/2016 | [165](#) | NOTICE OF SERVICE of Defendant's Third Amended Rule 26(a) Initial Disclosures filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 06/23/2016) |
| 06/24/2016 | [166](#) | NOTICE OF SERVICE of Defendant's Second Set of Interrogatories to Plaintiffs Green Mountain Glass, LLC and CulChrome, LLC (Nos. 13–25) filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 06/24/2016) |
| 06/24/2016 | [167](#) | NOTICE OF SERVICE of Plaintiffs' Interrogatories No. 22–25 filed by Green Mountain Glass LLC.(Farnan, Michael) (Entered: 06/24/2016) |
| 06/27/2016 | [168](#) | NOTICE OF SERVICE of Defendant's First Set of Requests for Admission to Plaintiffs Green Mountain Glass, LLC and Culchrome, LLC (Nos. 1–40) filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Hatcher, Laura) (Entered: 06/27/2016) |
| 07/11/2016 | [169](#) | NOTICE OF SERVICE of Plaintiffs' First Amended Disclosure Pursuant to Local Rule 4(c) filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 07/11/2016) |
| 07/15/2016 | [170](#) | NOTICE OF SERVICE of (i) Plaintiffs' Notice of Inspection re Ardagh Milford Plant and (ii) Plaintiffs' Notice of Inspection re Ardagh Wilson Plant filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 07/15/2016) |

| 07/21/2016 | 171 | NOTICE OF SERVICE of Subpoenas to Produce Documents, Information or to Permit Inspection of Premises and Subpoenas to Testify at a Deposition to CAP Glass, Inc., Glass Recyclers, LTD., Mid America Recycling, LLC, Ripple Glass, LLC, Strategic Materials, Inc.; Subpoenas to Testify at a Deposition to Anchor Glass Containers Corporation, and John Ghaznavi; and Amended Subpoenas to Produce Documents, Information, or to Permit Inspection and Amended Subpoenas to Testify at Deposition to Mid America Recycling, LLC and CAP Glass, Inc. filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Certificate of Service)(Biggs, Brian) (Entered: 07/21/2016) |
| 07/21/2016 | 172 | NOTICE OF SERVICE of Defendant's Objections to Plaintiffs' Requests for Inspections re Ardagh Milford Plant and Ardagh Wilson Plant filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 07/21/2016) |
| 07/28/2016 | 173 | NOTICE OF SERVICE of (i) Defendant's Supplemental Responses and Objections to Plaintiffs' Interrogatories; (ii) Defendant's Responses and Objections to Plaintiffs' Interrogatories No. 22–25; (iii) Defendant's Third Amended Disclosure of Invalidity Contentions Pursuant to Paragraph 4(d); and (iv) Defendant's Fourth Amended Rule 26(a) Initial Disclosures filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 07/28/2016) |
| 07/28/2016 | 174 | NOTICE OF SERVICE of Subpoenas to Testify at a Deposition in a Civil Action to Glass Packaging Institute, Anheuser–Busch, LLC and Roger Erb; Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Glass Packaging Institute, Anheuser–Busch, LLC and Roger Erb; and Amended Subpoena to Testify at a Deposition in a Civil Action and Amended Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Glass Packaging Institute filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Certificate of Service)(Biggs, Brian) (Entered: 07/28/2016) |
| 07/28/2016 | 175 | NOTICE OF SERVICE of (i) Plaintiffs' Objections and Responses to Requests for Admission and (ii) Plaintiffs' Objections and Responses to Defendant's Interrogatories 13 through 25 filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 07/28/2016) |
| 08/12/2016 | 176 | STIPULATION TO EXTEND TIME for the Parties (i) to serve Opening Expert Exports; (ii) to serve Rebuttal Expert Reports; and (iii) to complete Expert Discovery to (i) 8/24/2016; (ii) 9/23/2016; and (iii) 10/14/2016 – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Michael) (Entered: 08/12/2016) |
| 08/16/2016 | | SO ORDERED – re 176 STIPULATION TO EXTEND TIME for the Parties (i) to serve Opening Expert Exports; (ii) to serve Rebuttal Expert Reports; and (iii) to complete Expert Discovery to (i) 8/24/2016; (ii) 9/23/2016; and (iii) 10/14/2016. Set/Reset Scheduling Order Deadlines: (Opening Expert Reports due by 8/24/2016., Rebuttal Expert Reports due by 9/23/2016., Expert Discovery due by 10/14/2016.). Ordered by Judge Gregory M. Sleet on 8/9/2016. (mdb) (Entered: 08/16/2016) |
| 08/25/2016 | 177 | NOTICE OF SERVICE of Expert Report of Professor William M. Carty Regarding Invalidity of the Mosch Patent and Invalidity of the Lehman Patent filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 08/25/2016) |
| 08/25/2016 | 178 | NOTICE OF SERVICE of (i) Expert Report of Professor Steve W. Martin and (ii) Expert Report of Professor Steve W. Martin – Plant Appendices filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 08/25/2016) |
| 08/30/2016 | 179 | [SEALED] Transcript of Special Master Hearing held on 8/18/2016 before Special Master Yvonne Takvorian Saville. A copy of the transcript was sent to local counsel via email. (asw) (Entered: 08/30/2016) |

| 09/26/2016 | 180 | NOTICE OF SERVICE of Rebuttal Expert Report of Professor William M. Carty Regarding Non–Infringement of the Mosch Patent and of the Lehman Patent and Rebuttal Expert Report of W. Todd Schoettelkotte Relating to Damages filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 09/26/2016) |
| 09/27/2016 | 181 | NOTICE OF SERVICE of (i) Expert Rebuttal Report of Patricia Boag and (ii) Expert Rebuttal Report of Professor Steve W. Martin filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 09/27/2016) |
| 10/11/2016 | 182 | NOTICE OF SERVICE of Supplemental Expert Report Of Professor William M. Carty Regarding Invalidity Of The Mosch Patent And The Lehman Patent filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 10/11/2016) |
| 10/11/2016 | 183 | ORDER – denying Motion for Judgment on the Pleadings ( 124 ). Signed by Judge Gregory M. Sleet on 10/11/2016. (mdb) (Entered: 10/11/2016) |
| 10/18/2016 | 184 | MOTION to Strike Plaintiffs' Boag Expert Report on the Publication Status of Canadian Published Patent Applications – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Hatcher, Laura) Modified on 10/19/2016 (mdb). (Entered: 10/18/2016) |
| 10/18/2016 | 185 | DECLARATION re 184 Motion to Strike Plaintiffs' Boag Expert Report on the Publication Status of Canadian Published Patent Applications by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Hatcher, Laura) Modified on 10/19/2016 (mdb). (Entered: 10/18/2016) |
| 10/18/2016 | 186 | DECLARATION re 184 Motion to Strike Plaintiffs' Boag Expert Report on the Publication Status of Canadian Published Patent Applications by Saint–Gobain Containers Inc.. (Hatcher, Laura) Modified on 10/19/2016 (mdb). (Entered: 10/18/2016) |
| 10/18/2016 | 187 | MOTION to Strike Plaintiff's Late–Disclosed Contentions – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Hatcher, Laura) Modified on 10/19/2016 (mdb). (Entered: 10/18/2016) |
| 10/18/2016 | 189 | [SEALED] DECLARATION re 187 Motion to Strike Plaintiff's Late–Disclosed Contentions by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit Certificatie of Service)(Hatcher, Laura) Modified on 10/19/2016 (mdb). (Entered: 10/18/2016) |
| 10/19/2016 | 190 | ORAL ORDER: A teleconference has been scheduled for 10/24/16 at 12:30 PM Eastern Time with Judge Thynge to discuss the status of the case in relation to mediation. Plaintiff's counsel shall initiate the teleconference call. Ordered by Judge Mary Pat Thynge on 10/19/16. (cak) (Entered: 10/19/2016) |
| 10/19/2016 | | CORRECTING ENTRY: The Motion to Strike (formerly DI 188) was a duplicate of DI 187 and has been removed from the docket. DI 188 NO LONGER EXISTS. (mdb) (Entered: 10/19/2016) |
| 10/19/2016 | 191 | NOTICE OF SERVICE of Rebuttal Expert Report of Mark B. Eisen filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 10/19/2016) |
| 10/20/2016 | 192 | MOTION for Pro Hac Vice Appearance of Attorney Steven Reynolds – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification by Counsel, # 2 Text of Proposed Order, # 3 Certification of Service)(Biggs, Brian) (Entered: 10/20/2016) |
| 10/24/2016 | | ORAL ORDER – The Motions to Strike ( 184 , 187 ) and the related filings are STRICKEN, as they do not comply with this Court's procedures. Ordered by Judge Gregory M. Sleet on 10/24/2016. (mdb) (Entered: 10/24/2016) |
| 10/24/2016 | 193 | ORAL ORDER: Teleconferences with Judge Thynge on 10/31/16 have been scheduled as follows: at 12:30 PM Eastern Time with plaintiff ONLY, plaintiff's counsel to initiate the teleconference call; at 1:45 PM Eastern Time with defense ONLY, defense counsel to initiate the teleconference call. Ordered by Judge Mary Pat |

| | | |
|---|---|---|
| | | Thynge on 10/24/16. (cak) (Entered: 10/24/2016) |
| 10/24/2016 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 10/24/2016. (cak) (Entered: 10/24/2016) |
| 10/31/2016 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 10/31/2016. (cak) (Entered: 10/31/2016) |
| 10/31/2016 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 10/31/2016. (cak) (Entered: 10/31/2016) |
| 11/04/2016 | 194 | [SEALED] Letter to The Honorable Gregory M. Sleet from Laura D. Hatcher, Esq. regarding Letter Brief on Laches. (Hatcher, Laura) (Entered: 11/04/2016) |
| 11/04/2016 | 195 | [SEALED] DECLARATION re 194 Letter by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1–6, # 2 Exhibit 7, # 3 Exhibit 8–10, # 4 Exhibit 11, # 5 Exhibit 12–19, # 6 Exhibit 20–28, # 7 Certificate of Service)(Hatcher, Laura) (Entered: 11/04/2016) |
| 11/04/2016 | 196 | [SEALED] Letter to The Honorable Gregory M. Sleet from Brian E. Farnan regarding Request to Move for Summary Judgment. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Farnan, Brian) (Entered: 11/04/2016) |
| 11/08/2016 | | SO ORDERED – re 192 MOTION for Pro Hac Vice Appearance of Attorney Steven Reynolds filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 11/8/2016. (mdb) (Entered: 11/08/2016) |
| 11/08/2016 | | Pro Hac Vice Attorney Steven Reynolds for Saint–Gobain Containers Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (dmp, ) (Entered: 11/08/2016) |
| 11/11/2016 | 197 | [SEALED] Letter to The Honorable Gregory M.Sleet from Laura D. Hatcher, Esq. regarding Ardagh's Answering Letter Brief on Summary Judgment – re 196 Letter,. (Attachments: # 1 Exhibit A)(Hatcher, Laura) (Entered: 11/11/2016) |
| 11/11/2016 | 198 | [SEALED] Letter to The Honorable Gregory M. Sleet from Michael J. Farnan regarding Plaintiffs' Answering Letter Brief on Summary Judgment. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X)(Farnan, Michael) (Entered: 11/11/2016) |
| 11/11/2016 | 199 | [SEALED] DECLARATION re 197 Letter by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, part 1, # 2 Exhibit 1, part 2, # 3 Exhibit 1, part 3, # 4 Exhibit 1, part 4, # 5 Exhibit 2, part 1, # 6 Exhibit 2, part 2, # 7 Exhibit 2, part 3, # 8 Exhibit 2, part 4, # 9 Exhibit 2, part 5, # 10 Exhibit 3–6, # 11 Exhibit 7, # 12 Exhibit 7, part 1, # 13 Exhibit 8–13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Certificate of service)(Hatcher, Laura) (Entered: 11/11/2016) |
| 11/14/2016 | 200 | REDACTED VERSION of 194 Letter to The Honorable Gregory M. Sleet from Laura D. Hatcher, Esq. regarding Letter Brief on Laches by Saint–Gobain Containers Inc.. (Hatcher, Laura) Modified on 11/15/2016 (mdb). (Entered: 11/14/2016) |
| 11/14/2016 | 201 | REDACTED VERSION of 195 Declaration of Laura D. Hatcher In Support of Letter Brief on Laches by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit Redacted 1–10, # 2 Exhibit Redacted 11–20, # 3 Exhibit Redacted 21–28)(Hatcher, Laura) Modified on 11/15/2016 (mdb). (Entered: 11/14/2016) |
| 11/14/2016 | 202 | REDACTED VERSION of 196 Letter, by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibits 1–16)(Farnan, Michael) (Entered: 11/14/2016) |
| 11/18/2016 | 203 | REDACTED VERSION of 197 Letter Brief on Summary Judgment regarding laches by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A)(Hatcher, Laura) Modified on 11/18/2016 (mdb). (Entered: 11/18/2016) |

| 11/18/2016 | 204 | REDACTED VERSION of 199 Declaration of Laura D. Hatcher in Support of Ardagh's Answering Letter brief regarding Summary Judgment by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1–16)(Hatcher, Laura) Modified on 11/18/2016 (mdb). (Entered: 11/18/2016) |
| 11/18/2016 | 205 | Letter to The Honorable Gregory M. Sleet from Laura D. Hatcher regarding Reply Letter Brief on Summary Judgment – re 198 Letter,,. (Hatcher, Laura) (Entered: 11/18/2016) |
| 11/18/2016 | 206 | REDACTED VERSION of 198 Letter,, by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibits A–X)(Farnan, Michael) (Entered: 11/18/2016) |
| 11/18/2016 | 207 | [SEALED] Letter to The Honorable Gregory M. Sleet from Michael J. Farnan regarding Reply in Support of Summary Judgment. (Attachments: # 1 Exhibit 17, # 2 Exhibit 18, # 3 Exhibit 19, # 4 Exhibit 20)(Farnan, Michael) (Entered: 11/18/2016) |
| 11/28/2016 | 208 | REDACTED VERSION of 207 Letter by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibits 17–20)(Farnan, Michael) (Entered: 11/28/2016) |
| 11/28/2016 | 209 | ORDER Setting Mediation Conferences: A Mediation Conference is set for 3/16/2017 at 10:00 AM in Courtroom 2B before Judge Mary Pat Thynge. SEE ORDER FOR DETAILS. Signed by Judge Mary Pat Thynge on 11/28/16. (cak) (Entered: 11/28/2016) |
| 01/04/2017 | 210 | NOTICE of withdrawal of Laura D. Hatcher by Saint–Gobain Containers Inc. (Biggs, Brian) (Entered: 01/04/2017) |
| 01/04/2017 | | (Court only) *** Attorney Laura D. Hatcher terminated. (mdb) (Entered: 01/04/2017) |
| 02/01/2017 | | ORAL ORDER CHANGING THE TIME OF THE PRETRIAL CONFERENCE: The TIME of the Pretrial Conference currently set for 10:00 AM on 3/27/2017, in Courtroom 4A before Judge Gregory M. Sleet, HAS BEEN CHANGED to 10:30 AM. Ordered by Judge Gregory M. Sleet on 2/1/2017. (ctd) (Entered: 02/01/2017) |
| 02/24/2017 | 211 | ORDER – Green Mountain's request for leave to file partial motions for summary judgment is DENIED; and Ardagh's request for leave to file a motion for summary judgment is DENIED. Signed by Judge Gregory M. Sleet on 2/24/2017. (mdb) (Entered: 02/24/2017) |
| 03/08/2017 | 212 | [SEALED] Proposed Pretrial Order by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Schedule A, # 2 Schedule B1, # 3 Schedule B2, # 4 Schedule C1, # 5 Schedule C2, # 6 Schedule C3, # 7 Schedule D1, # 8 Schedule D2, # 9 Schedule E, # 10 Schedule E1, # 11 Schedule F, # 12 Schedule F1, # 13 Schedule G, # 14 Schedule H, # 15 Schedule I1, # 16 Schedule I2, # 17 Schedule J1, # 18 Schedule J2, # 19 Schedule J3, # 20 Schedule J4, # 21 Schedule K, # 22 Schedule L, # 23 Schedule M, # 24 Schedule N1, # 25 Schedule N2, # 26 Schedule N3)(Farnan, Brian) (Entered: 03/08/2017) |
| 03/16/2017 | 213 | REDACTED VERSION of 212 Proposed Pretrial Order,, by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Schedules A–N3)(Farnan, Brian) (Entered: 03/16/2017) |
| 03/16/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Conference held on 3/16/2017. (cak) (Entered: 03/17/2017) |
| 03/20/2017 | 214 | NOTICE OF SERVICE of Defendant's Identification of Prior Art Pursuant to 35 U.S.C. 282 filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 03/20/2017) |
| 03/23/2017 | 215 | Letter to The Honorable Gregory M. Sleet from Brian A. Biggs regarding Pretrial Conference. (Biggs, Brian) (Entered: 03/23/2017) |
| 03/23/2017 | 216 | MOTION for Pro Hac Vice Appearance of Attorney John Allcock – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification, # 2 Text of Proposed Order, # 3 Certificate of Service)(Biggs, Brian) (Entered: 03/23/2017) |
| 03/23/2017 | 217 | NOTICE OF SERVICE of Supplemental Expert Report of Michael J. Lasinski filed by Culchrome LLC, Green Mountain Glass LLC.(Farnan, Brian) (Entered: 03/23/2017) |

| 03/24/2017 | | SO ORDERED – re 216 MOTION for Pro Hac Vice Appearance of Attorney John Allcock filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 3/24/2017. (mdb) (Entered: 03/24/2017) |
| 03/24/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 3/24/2017. (cak) (Entered: 03/28/2017) |
| 03/27/2017 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Final Pretrial Conference held on 3/27/2017. Discussion, arguments, and rulings on the evidentiary issues presented in the Final Pretrial Order ( 212 ). The parties shall file simultaneous opening letter briefs, not to exceed three pages, regarding construction of "unsorted" by Wednesday, April 5, 2017. The Court may hold a telephone conference after reviewing the briefs. (Court Reporter Kevin Maurer.) (mdb) (Entered: 03/27/2017) |
| 03/27/2017 | | SO ORDERED – re 212 Proposed Pretrial Order, filed by Culchrome LLC, Green Mountain Glass LLC. Ordered by Judge Gregory M. Sleet on 3/27/2017. (mdb) (Entered: 03/27/2017) |
| 03/27/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Conference held on 3/27/2017. (cak) (Entered: 03/28/2017) |
| 03/28/2017 | | Pro Hac Vice Attorney John Allcock for Saint–Gobain Containers Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lmm) (Entered: 03/28/2017) |
| 03/28/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconferences held on 3/28/2017. (cak) (Entered: 03/29/2017) |
| 03/31/2017 | 218 | NOTICE OF SERVICE of Supplemental Rebuttal Expert Report of W. Todd Schoettelkotte Relating to Damages filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Entered: 03/31/2017) |
| 04/03/2017 | 219 | Official Transcript of Pretrial Conference held on 03 27 17 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/24/2017. Redacted Transcript Deadline set for 5/4/2017. Release of Transcript Restriction set for 7/3/2017. (kjm) (Entered: 04/03/2017) |
| 04/05/2017 | 220 | [SEALED] Letter to The Honorable Gregory M. Sleet from Brian A. Biggs regarding claim construction of unsorted – re 219 Transcript,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Biggs, Brian) (Entered: 04/05/2017) |
| 04/05/2017 | 221 | Letter to The Honorable Gregory M. Sleet from Brian E. Farnan regarding Claim Construction of "unsorted ". (Attachments: # 1 Exhibit 1)(Farnan, Brian) (Entered: 04/05/2017) |
| 04/06/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Conference held on 4/6/2017. (cak) (Entered: 06/05/2017) |
| 04/11/2017 | 222 | MOTION for Pro Hac Vice Appearance of Attorney Zachary B. Savage – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 04/11/2017) |
| 04/12/2017 | | SO ORDERED – re 222 MOTION for Pro Hac Vice Appearance of Attorney Zachary B. Savage filed by Culchrome LLC, Green Mountain Glass LLC. Ordered by Judge Gregory M. Sleet on 4/12/2017. (mdb) (Entered: 04/12/2017) |
| 04/12/2017 | | Pro Hac Vice Attorney Zachary Savage for Green Mountain Glass LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (crb) (Entered: 04/12/2017) |
| 04/12/2017 | 223 | ORDER Construing the Term "Unsorted Mixed Color Glass Cullet" in U.S. Patent No. 5,718,737. Signed by Judge Gregory M. Sleet on 4/12/2017. (mdb) (Entered: 04/12/2017) |

| 04/12/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 4/12/2017. (cak) (Entered: 06/05/2017) |
|---|---|---|
| 04/13/2017 | 224 | PRELIMINARY Jury Instructions by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) Modified on 4/17/2017 (mdb). (Entered: 04/13/2017) |
| 04/13/2017 | 225 | REDACTED VERSION of 220 Letter,, by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Biggs, Brian) (Entered: 04/13/2017) |
| 04/13/2017 | 226 | MOTION for Pro Hac Vice Appearance of Attorney Dawn M. Jenkins – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification, # 2 Text of Proposed Order, # 3 Certificate of Service)(Biggs, Brian) (Entered: 04/13/2017) |
| 04/13/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 4/13/2017. (cak) (Entered: 06/05/2017) |
| 04/14/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 4/14/2017. (cak) (Entered: 06/05/2017) |
| 04/15/2017 | 227 | MOTION for Pro Hac Vice Appearance of Attorney Kathryn Riley Grasso – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Certification, # 2 Text of Proposed Order, # 3 Certificate of Service)(Biggs, Brian) (Entered: 04/15/2017) |
| 04/16/2017 | 228 | MOTION for Clarification of Court's April 12, 2017 Order – filed by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 7.1.1 Statement)(Farnan, Brian) (Entered: 04/16/2017) |
| 04/16/2017 | 229 | [SEALED] MOTION to Strike April 14, 2017 Expert Report of William McCarty – filed by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 7.1.1 Statement)(Farnan, Brian) Modified on 4/17/2017 (mdb). (Entered: 04/16/2017) |
| 04/16/2017 | 230 | RESPONSE to Motion re 228 MOTION for Clarification of Court's April 12, 2017 Order filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Certificate of Service)(Kraft, Denise) (Entered: 04/16/2017) |
| 04/16/2017 | 231 | [SEALED] EXHIBIT 1 re 230 Response to Motion by Saint–Gobain Containers Inc.. (Attachments: # 1 Certificate of Service)(Biggs, Brian) Modified on 4/17/2017 (mdb). (Entered: 04/16/2017) |
| 04/17/2017 | | (Court only) ***Motions terminated: 229 MOTION to Strike April 14, 2017 Expert Report of William McCarty filed by Culchrome LLC, Green Mountain Glass LLC. The issue underlying this motion will be handled in the morning. (mdb) (Entered: 04/17/2017) |
| 04/17/2017 | | SO ORDERED – re 226 MOTION for Pro Hac Vice Appearance of Attorney Dawn M. Jenkins filed by Saint–Gobain Containers Inc., 227 MOTION for Pro Hac Vice Appearance of Attorney Kathryn Riley Grasso filed by Saint–Gobain Containers Inc. Ordered by Judge Gregory M. Sleet on 4/17/2017. (mdb) (Entered: 04/17/2017) |
| 04/17/2017 | 232 | ORDER Construing the Term "Unsorted Mixed Color Glass Cullet" in U.S. Patent No. 5,718,737 (Revision to 223 Order). Signed by Judge Gregory M. Sleet on 4/17/2017. (mdb) (Entered: 04/17/2017) |
| 04/17/2017 | 233 | VOIR DIRE QUESTIONS propounded to the Jury Panel. (mdb) (Entered: 04/17/2017) |
| 04/17/2017 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Jury Trial Day One held on 4/17/2017. Jury selection and impanelment; Opening statements; Plaintiffs' case begun. (Court Reporter Kevin Maurer & Val Gunning.) (mdb) (Entered: 04/18/2017) |
| 04/18/2017 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Jury Trial Day Two held on 4/18/2017. Plaintiffs' case continued. (Court Reporter Kevin Maurer & Val Gunning.) (mdb) (Entered: 04/19/2017) |

| 04/19/2017 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Jury Trial Day Three held on 4/19/2017. Plaintiffs' case continued; Plaintiffs rest affirmative case; Defendant's case begun. (Court Reporter Kevin Maurer.) (mdb) (Entered: 04/20/2017) |
|---|---|---|
| 04/20/2017 | 234 | MOTION for Judgment as a Matter of Law – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Biggs, Brian) (Entered: 04/20/2017) |
| 04/20/2017 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Jury Trial Day Four held on 4/20/2017. Defendant's case continued. (Court Reporter Kevin Maurer & Brian Gaffigan.) (mdb) (Entered: 04/21/2017) |
| 04/20/2017 | | (Court only) Minute Entry for proceedings held before Judge Mary Pat Thynge – Mediation Teleconference held on 4/20/2017. (cak) (Entered: 06/05/2017) |
| 04/21/2017 | | (Court only) ***Motions terminated: 234 MOTION for Judgment as a Matter of Law filed by Saint–Gobain Containers Inc.. (mdb) (Entered: 04/21/2017) |
| 04/21/2017 | 235 | ORDER directing that jurors be provided lunch (cc: Finance). Signed by Judge Gregory M. Sleet on 4/21/2017. (mdb) (Entered: 04/21/2017) |
| 04/21/2017 | 236 | MOTION for Judgment as a Matter of Law – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 04/21/2017) |
| 04/21/2017 | 237 | ORDER directing that jurors be provided dinner (cc: Finance). Signed by Judge Gregory M. Sleet on 4/21/2017. (mdb) (Entered: 04/24/2017) |
| 04/21/2017 | | Minute Entry for proceedings held before Judge Gregory M. Sleet – Jury Trial Day Five completed on 4/21/2017. Defendant's case continued; Defendant rests; Final jury instructions delivered to jury; Jury Deliberations; Jury Verdict Read in open court. The parties were ordered to confer and submit a proposed post–trial briefing schedule. (Court Reporter Kevin Maurer and Val Gunning.) (mdb) (Entered: 04/24/2017) |
| 04/21/2017 | 238 | PROPOSED FINAL Jury Instructions by Green Mountain Glass LLC. (Some edits were made while being delivered; see transcript of Day Five). (mdb) (Entered: 04/24/2017) |
| 04/21/2017 | 239 | (Proposed) VERDICT SHEET by Green Mountain Glass LLC. (mdb) (Entered: 04/24/2017) |
| 04/21/2017 | 240 | [SEALED] JURY VERDICT. (mdb) (Entered: 04/24/2017) |
| 04/21/2017 | 241 | (REDACTED) JURY VERDICT. (mdb) (Entered: 04/24/2017) |
| 04/24/2017 | | ORAL ORDER – The parties shall confer and file a stipulated post–trial briefing schedule by Monday, May 1, 2017. Ordered by Judge Gregory M. Sleet on 4/24/2017. (mdb) (Entered: 04/24/2017) |
| 04/26/2017 | 242 | JUDGMENT in favor of Culchrome LLC, Green Mountain Glass LLC against Saint–Gobain Containers Inc. in the amount of $50,313,779.04 (CASE CLOSED). Signed by Judge Gregory M. Sleet on 4/26/2017. (Attachments: # 1 Jury Verdict) (mdb) (Entered: 04/26/2017) |
| 04/26/2017 | 243 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s). (Attachments: # 1 Judgment, # 2 Jury Verdict)(mdb) (Entered: 04/26/2017) |
| 04/28/2017 | 244 | STIPULATION Concerning Schedule For Post–Trial Motions by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 04/28/2017) |
| 05/02/2017 | 245 | SO ORDERED – re 244 Stipulation Concerning Schedule For Post–Trial Motions. Post–Trial Motions and Opening Briefs due by 5/19/2017; Answering Briefs due by 6/9/2017; Reply Briefs due by 6/23/2017. Signed by Judge Gregory M. Sleet on 5/2/2017. (mdb) (Entered: 05/02/2017) |
| 05/17/2017 | 246 | STIPULATION and [Proposed] Order Regarding Post–Trial Briefing re 245 SO ORDERED, by Saint–Gobain Containers Inc.. (Biggs, Brian) (Entered: 05/17/2017) |
| 05/19/2017 | 247 | SO ORDERED – re 246 Stipulation and [Proposed] Order Regarding Post–Trial Briefing filed by Saint–Gobain Containers Inc.. Signed by Judge Gregory M. Sleet on |

| | | 5/19/2017. (mdb) (Entered: 05/19/2017) |
|---|---|---|
| 05/19/2017 | 248 | MOTION for Judgment as a Matter of Law or, in the Alternative, for a New Trial – filed by Saint–Gobain Containers Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Biggs, Brian) Modified on 5/22/2017 (mdb). (Entered: 05/19/2017) |
| 05/19/2017 | 249 | OPENING BRIEF in Support re 248 MOTION for Judgment as a Matter of Law or, in the Alternative, for a New Trial filed by Saint–Gobain Containers Inc..Answering Brief/Response due date per Local Rules is 6/2/2017. (Attachments: # 1 Certificate of Service)(Biggs, Brian) Modified on 5/22/2017 (mdb). (Entered: 05/19/2017) |
| 05/19/2017 | 250 | [SEALED] DECLARATION of Brian Biggs re 249 Opening Brief in Support by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Certificate of Service)(Biggs, Brian) Modified on 5/22/2017 (mdb). (Entered: 05/19/2017) |
| 05/19/2017 | 251 | MOTION For Prejudgment Interest, Enhanced Damages, Attorneys' Fees, And Conditional Motion For A New Trial Regarding Ardagh's Infringement Of U.S. Patent No. 6,230,521 – filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 05/19/2017) |
| 05/19/2017 | 252 | OPENING BRIEF in Support re 251 MOTION For Prejudgment Interest, Enhanced Damages, Attorneys' Fees, And Conditional Motion For A New Trial Regarding Ardagh's Infringement Of U.S. Patent No. 6,230,521 filed by Culchrome LLC, Green Mountain Glass LLC.Answering Brief/Response due date per Local Rules is 6/2/2017. (Farnan, Brian) (Entered: 05/19/2017) |
| 05/19/2017 | 253 | DECLARATION of John E. Schiltz re 252 Opening Brief in Support by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20)(Farnan, Brian) Modified on 5/22/2017 (mdb). (Entered: 05/19/2017) |
| 05/19/2017 | 254 | DECLARATION of Matthew R. Berry re 252 Opening Brief in Support by Culchrome LLC, Green Mountain Glass LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13)(Farnan, Brian) Modified on 5/22/2017 (mdb). (Entered: 05/19/2017) |
| 05/19/2017 | 255 | DECLARATION of Michael J. Lasinski re 252 Opening Brief in Support by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) Modified on 5/22/2017 (mdb). (Entered: 05/19/2017) |
| 05/26/2017 | 256 | REDACTED VERSION of 250 Declaration,,, by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33)(Biggs, Brian) (Entered: 05/26/2017) |
| 06/09/2017 | 257 | ANSWERING BRIEF in Opposition re 251 MOTION For Prejudgment Interest, Enhanced Damages, Attorneys' Fees, And Conditional Motion For A New Trial Regarding Ardagh's Infringement Of U.S. Patent No. 6,230,521 filed by Saint–Gobain Containers Inc..Reply Brief due date per Local Rules is 6/16/2017. (Attachments: # 1 Certificate of Service)(Biggs, Brian) (Main Document 257 replaced on 6/22/2017) (mdb). (Entered: 06/09/2017) |

| 06/09/2017 | 258 | [SEALED] DECLARATION of Brian A. Biggs re 257 Answering Brief in Opposition by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Certificate of Service)(Biggs, Brian) Modified on 6/13/2017 (mdb). (Entered: 06/09/2017) |
| 06/09/2017 | 259 | DECLARATION of W. Todd Schoettelkotte re 257 Answering Brief in Opposition by Saint–Gobain Containers Inc.. (Biggs, Brian) Modified on 6/13/2017 (mdb). (Entered: 06/09/2017) |
| 06/09/2017 | 260 | ANSWERING BRIEF in Opposition re 248 MOTION for Judgment as a Matter of Law or, in the Alternative, for a New Trial filed by Culchrome LLC, Green Mountain Glass LLC.Reply Brief due date per Local Rules is 6/16/2017. (Farnan, Brian) (Entered: 06/09/2017) |
| 06/16/2017 | 261 | REDACTED VERSION of 258 Declaration,,, by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32)(Biggs, Brian) (Entered: 06/16/2017) |
| 06/22/2017 | | CORRECTING ENTRY: The Answering Brief ( 257 ) has been replaced to correct the calculated prejudgment interest per defendant's request. (mdb) (Entered: 06/22/2017) |
| 06/23/2017 | 262 | REPLY BRIEF re 251 MOTION For Prejudgment Interest, Enhanced Damages, Attorneys' Fees, And Conditional Motion For A New Trial Regarding Ardagh's Infringement Of U.S. Patent No. 6,230,521 filed by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) (Entered: 06/23/2017) |
| 06/23/2017 | 263 | Supplemental DECLARATION of Michael J. Lasinski re 262 Reply Brief by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) Modified on 6/26/2017 (mdb). (Entered: 06/23/2017) |
| 06/23/2017 | 264 | DECLARATION of Anthony C. Lame re 262 Reply Brief by Culchrome LLC, Green Mountain Glass LLC. (Farnan, Brian) Modified on 6/26/2017 (mdb). (Entered: 06/23/2017) |
| 06/23/2017 | 265 | REPLY BRIEF re 248 MOTION for Judgment as a Matter of Law or, in the Alternative, for a New Trial filed by Saint–Gobain Containers Inc.. (Biggs, Brian) (Entered: 06/23/2017) |
| 06/23/2017 | 266 | [SEALED] DECLARATION Brian A. Biggs re 265 Reply Brief by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 34, # 2 Exhibit 35, # 3 Exhibit 36, # 4 Exhibit 37, # 5 Exhibit 38, # 6 Exhibit 39, # 7 Exhibit 40, # 8 Exhibit 41, # 9 Exhibit 42, # 10 Exhibit 43)(Biggs, Brian) Modified on 6/26/2017 (mdb). (Entered: 06/23/2017) |
| 06/30/2017 | | Remark – The deadline to file a redacted version of 266 Declaration is extended to Wednesday, July 5, 2017, due to DLA Piper's ongoing situation. (mdb) (Entered: 06/30/2017) |
| 07/05/2017 | 267 | REDACTED VERSION of 266 Declaration, *Brian A. Biggs* by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Biggs, Brian) (Entered: 07/05/2017) |
| 09/03/2017 | 268 | Official Transcript of Trial Day 1 held on 04 17 17 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2017. Redacted Transcript Deadline set for 10/4/2017. Release of |

| | | |
|---|---|---|
| | | Transcript Restriction set for 12/4/2017. (kjm) (Entered: 09/03/2017) |
| 09/03/2017 | 269 | Official Transcript of Trial Day 2 held on 04 18 17 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2017. Redacted Transcript Deadline set for 10/4/2017. Release of Transcript Restriction set for 12/4/2017. (kjm) (Entered: 09/03/2017) |
| 09/03/2017 | 270 | Official Transcript of Trial Day 3 held on 04 19 17 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2017. Redacted Transcript Deadline set for 10/4/2017. Release of Transcript Restriction set for 12/4/2017. (kjm) (Entered: 09/03/2017) |
| 09/03/2017 | 271 | Official Transcript of Trial Day 4 held on 04 20 17 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2017. Redacted Transcript Deadline set for 10/4/2017. Release of Transcript Restriction set for 12/4/2017. (kjm) (Entered: 09/03/2017) |
| 09/03/2017 | 272 | Official Transcript of Trial Day 5 held on 04 21 17 before Judge Sleet. Court Reporter/Transcriber Maurer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2017. Redacted Transcript Deadline set for 10/4/2017. Release of Transcript Restriction set for 12/4/2017. (kjm) (Entered: 09/03/2017) |
| 03/08/2018 | 273 | MEMORANDUM. Signed by Judge Gregory M. Sleet on 3/8/2018. (mdb) (Entered: 03/08/2018) |
| 03/08/2018 | 274 | ORDER re 273 Memorandum – Defendant's Motions (D.I. 248 ) are DENIED; Plaintiffs' Motions (D.I. 251 ) for enhanced damages, attorney's fees, and a conditional new trial are DENIED; Plaintiffs' Motion for prejudgment interest is GRANTED; Defendant shall pay prejudgment interest at a prime rate compounded quarterly. Signed by Judge Gregory M. Sleet on 3/8/2018. (mdb) (Entered: 03/08/2018) |
| 03/23/2018 | 275 | NOTICE OF APPEAL to the Federal Circuit of 242 Judgment . Appeal filed by Saint–Gobain Containers Inc.. (Biggs, Brian) (Entered: 03/23/2018) |
| 03/23/2018 | | APPEAL – Credit Card Payment of $505.00 received re 275 Notice of Appeal (Federal Circuit) filed by Saint–Gobain Containers Inc.. ( Filing fee $505, receipt number 0311–2347043.) (Biggs, Brian) (Entered: 03/23/2018) |
| 03/23/2018 | 276 | Joint STIPULATION For Approval of Supersedeas Bond and For Stay Pending Appeal re 242 Judgment, 274 Order, 275 Notice of Appeal (Federal Circuit) by Saint–Gobain Containers Inc.. (Attachments: # 1 Exhibit A)(Biggs, Brian) (Entered: 03/23/2018) |
| 03/23/2018 | | Notification regarding 275 Notice of Appeal (Federal Circuit) sent to Reporter Maurer (nmg) (Entered: 03/23/2018) |
| 03/23/2018 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 275 Notice of Appeal (Federal Circuit). (nmg) (Entered: 03/23/2018) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREEN MOUNTAIN GLASS, LLC, and CULCHROME, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C. A. No. 14-392 (GMS) |
| SAINT-GOBAIN CONTAINERS, INC., d/b/a VERALLIA NORTH AMERICA, Defendant. | ) ) ) ) |

## JUDGMENT

This action came before the Court for a five-day trial by jury commencing on April 17, 2017. Green Mountain Glass, LLC and Culchrome, LLC ("Green Mountain") were the plaintiffs and Saint-Gobain Containers, Inc. d/b/a Verallia North America now known as Ardagh Glass Inc. ("Ardagh") was the defendant. The issues have been tried and the jury rendered its verdict on April 21, 2017. The verdict was accompanied by a verdict form (D.I. 241), a copy of which is attached hereto. Therefore,

IT IS HEREBY ORDERED AND ADJUDGED that:

1. Claims 1, 18, 20, 21, 22, and 24 of U.S. Patent No. 5,718,737 ("'737 Patent") are infringed by Ardagh;

2. Ardagh's infringement of claims 1, 18, 20, 21, 22, and 24 of the '737 Patent was willful;

3. Claims 1, 18, 20, 21, 22, and 24 of the '737 Patent are not invalid as being anticipated;

4. Claims 1, 18, 20, 21, 22, and 24 of the '737 Patent are not invalid as being obvious to a person of ordinary skill in the art at the time the claimed inventions were made;

5. Judgment be and is hereby entered in favor of Green Mountain and against Ardagh in the amount of $50,313,779.04.

Dated: April 26, 2017

UNITED STATES DISTRICT JUDGE

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GREEN MOUNTAIN GLASS, LLC AND
CULCHROME, LLC,

        Plaintiffs,

    v.

SAINT-GOBAIN CONTAINERS, INC. dba
VERALLIA NORTH AMERICA,

        Defendant.

Civil Action No. 1:14-cv-00392-GMS

JURY TRIAL DEMANDED

## VERDICT FORM

      In answering these questions, you are to follow all of the instructions I have given you. As used herein, "Green Mountain" means Green Mountain Glass, LLC and CulChrome, LLC, and "Ardagh" means Saint-Gobain Containers, Inc. dba Verallia North America now known as Ardagh Glass Inc. As used herein, "'737 Patent" means U.S. Patent No. 5,718,737, and "'521 Patent" means U.S. Patent No. 6,230,521.

## I.     Infringement

**QUESTION 1:**

Did Green Mountain prove by a preponderance of the evidence that, it is more likely true than

not that Ardagh infringed any of the following claims of the following patents?

**If you find the Claim infringed, answer "Yes," otherwise, answer "No."**

**'737 Patent**

Claim 1 _Yes_

Claim 18 _Yes_

Claim 20 _Yes_

Claim 21 _Yes_

Claim 22 _Yes_

Claim 24 _Yes_

**'521 Patent**

Claim 1 _No_

Claim 2 _No_

Claim 3 _No_

Claim 4 _No_

Claim 17 _No_

Claim 18 _No_

ANSWER QUESTION 2 ONLY FOR THOSE CLAIMS YOU ANSWERED "YES" FOR IN QUESTION 1 ABOVE---OTHERWISE DO NOT ANSWER THIS QUESTION AND PROCEED TO QUESTION 3.

**QUESTION 2:**

Did Green Mountain prove by a preponderance of the evidence that, it is more likely true than not that Ardagh's infringement was willful?

**Answer "Yes" or "No" only for the patent(s) for which you answered yes for any of the claims listed in question 1:**

'737 Patent    *Yes*

'521 Patent    _____

II.     **Validity**

**QUESTION 3:**

Did Ardagh prove by clear and convincing evidence that any of the following claims of the '737

Patent is invalid as being anticipated?

　　　**If you find the Claim invalid as anticipated, answer "Yes," otherwise, answer "No."**


　　　**'737 Patent**

　　　　　Claim 1   No

　　　　　Claim 18   No

　　　　　Claim 20   No

　　　　　Claim 21   No

　　　　　Claim 22   No

　　　　　Claim 24   No

**QUESTION 4:**

Did Ardagh prove by clear and convincing evidence that any of the following claims of the '737 Patent is invalid as being obvious to a person of ordinary skill in the art at the time the claimed inventions were made?

**If you find the Claim invalid as obvious, answer "Yes," otherwise, answer "No."**

**'737 Patent**

Claim 1 __No__

Claim 18 __No__

Claim 20 __No__

Claim 21 __No__

Claim 22 __No__

Claim 24 __No__

## III.    Damages

ANSWER QUESTION FIVE ONLY IF YOU HAVE FOUND ONE OR MORE OF THE ASSERTED CLAIMS TO BE INFRINGED AND NOT INVALID.

**QUESTION 5:**

What sum of money do you find from a preponderance of the evidence would adequately compensate Green Mountain for Ardagh's infringement of the patent claims that you have found were infringed by Ardagh?

$ 50,313,779.04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| GREEN MOUNTAIN GLASS LLC & CULCHROME, LLC | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 14-392-GMS |
| SAINT-GOBAIN CONTAINERS, INC., d/b/a VERALLIA NORTH AMERICA | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM

### I. INTRODUCTION[1]

In this patent infringement action, Plaintiffs Green Mountain Glass LLC, and

CulChrome, LLC (collectively, "Plaintiffs") allege that Saint-Gobain Containers, Inc., d/b/a/

Verallia North America, now known as "Ardagh" ("Defendant") infringes U.S. Patent Nos.

5,718,737 ("the '737 Patent") and 6,230,521 ("the '521 Patent"). (D.I. 1.)[2] The court held a five-

day jury trial in this matter on April 17 through April 21, 2017. (D.I. 268-272.) At trial,

Defendant properly moved for judgment as a matter of law ("JMOL") at the end of Plaintiffs'

case pursuant to Rule 50(a) of the Federal Rules of Civil Procedure and again at the close of

evidence. Tr. 687:8-17; 1200:14-21.[3]

On April 21, 2017, the jury returned a verdict in favor of Plaintiffs on the issue of

---

[1] All docket citations refer to Civil Action No. 14-392-GMS. The abbreviation "Tr." refers to the transcript from the five-day jury trial held on April 17, 2017 through April 21, 2017, (D.I. 268-272.)

[2] On April 11, 2014, Saint-Gobain Containers, Inc. was acquired by Ardagh Holdings USA, Inc. and underwent a name change to Ardagh Glass, Inc. (D.I. 5 at n.1.)

[3] The court declined to rule on the Motions at trial. Tr. 1200:14-21. On October 11, 2016, the court denied Ardagh's Rule 12 Motion for Judgment on the pleadings and found the '521 Patent was not directed to unpatentable subject matter. (D.I. 183); (D.I. 249 at 22.)

infringement with respect to all claims of the '737 Patent. Tr.1374:15-25, 1376:1-25; (D.I. 240.)
The jury found that Defendant willfully infringed claims 1, 18, 20, 21, 22, and 24 of the '737
Patent, but that Defendant did not infringe the '521 Patent. *Id.* The jury also found that the
claims of the '737 Patent were valid, not obvious, and not anticipated by the prior art. *Id.* The
court entered judgment on the verdict on April 26, 2017. (D.I. 242.)

Presently before the court is Defendant's motion for judgment as a matter of law or
alternatively for a new trial on the issues of infringement and willful infringement and Plaintiffs'
motions for prejudgment interest, attorney's fees, enhanced damages, and, alternatively, a new
trial. (D.I. 248); (D.I. 251.)  Having considered the entire record in this case, the substantial
evidence in the record, the parties' post-trial submissions, and the applicable law, the court will
grant Plaintiffs' motion for prejudgment interest and deny all other motions.[4]  The court's
reasoning follows.

## II. BACKGROUND OF THE TECHNOLOGY

The patents-in-suit relate to a method of recycling batches of mixed colored cullet[5] into
amber, green, or flint glass by selectively decolorizing the color green from the mixed colored
cullet and then colorizing the mixed colored cullet. '737 Patent. The technology described in the
patents-in-suit includes efforts to turn a waste product of glass recycling of unsorted mixed
colored glass cullet into a product useful to glass manufacturers. *Id.* At trial, the main focus of
both the parties' invalidity and infringement arguments focused on the requirement, appearing in

---

[4] Defendant's motion asserts that it is entitled to judgment as a matter of law pursuant to Rule 50 of the
Federal Rules of Civil Procedure or, alternatively, a new trial pursuant to Rule 59. (D.I. 248.) Plaintiffs' motion
asserts that it is entitled to prejudgment interest, enhanced damages, attorney's fees, or, alternatively, a new trial.
(D.I. 252.)
[5] "Bulk recycled post-consumer glass suitable for melting into recycled glass articles is known as cullet."
'737 Patent at 1:32-35.

one form or another in each of the asserted claims, that the colors "of said . . . cullet" are or are not "selectively colorized." *Id.* at Claims 1, 18.

## III. STANDARD OF REVIEW

### A. Renewed JMOL Motions

To prevail on a renewed motion for judgment as a matter of law following a jury trial and verdict, the moving party "must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusion(s) implied [by] the jury's verdict cannot in law be supported by those findings." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998) (quoting *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984)). "Substantial evidence" is defined as "such relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as adequate to support the finding under review." *Perkin-Elmer Corp.*, 732 F.2d at 893.

The court should only grant the motion "if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993) (citing *Wittekamp v. Gulf Western Inc.*, 991 F.2d 1137, 1141 (3d Cir. 1993)). "In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube*, 4 F.3d at 1166 (citing *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 190 (3d Cir. 1992)). Rather, the court must resolve all conflicts of evidence in favor of the non-movant. *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991); *Perkin-Elmer Corp.*, 732 F.2d at 893.

3

"The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Lightning Lube*, 4 F.3d at 1166 (quoting *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978)).

## B.    New Trial

Pursuant to Federal Rule of Civil Procedure 59, a court may grant a new trial "for any of the reasons for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).  The decision to grant or deny a new trial is within the sound discretion of the trial court. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).  In making this determination, the trial judge should consider the overall setting of the trial, the character of the evidence, and the complexity or simplicity of the legal principles which the jury had to apply to the facts. *Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 89 (3d Cir. 1960).  Unlike the standard for determining judgment as a matter of law, the court need not view the evidence in the light most favorable to the verdict winner. *Allied Chem. Corp.*, 449 U.S. at 36.  A court should grant a new trial in a jury case, however, only if "the verdict was against the weight of the evidence . . . [and] a miscarriage of justice would result if the verdict were to stand." *Consol. Rail Corp.*, 926 F.2d at 1352.

Similarly, Federal Rule of Civil Procedure 60 permits a court to relieve a party from final judgment and even grant a new trial due to "fraud . . . , misrepresentation,  or other misconduct by an adverse party." Fed. R. Civ. P. 60(b)(3); *see Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 384-85 (3d Cir. 1996).  In order to prevail on a Rule 60 motion, the movant must show that the adverse party engaged in fraud or other misconduct, and this conduct prevented the movant from

4

fully and fairly presenting his case. *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). Additionally, the movant must demonstrate that the fraud or misrepresentation was material to the outcome of the case. *Bandai Am. Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 73 (3d Cir. 1985). Fraud or misrepresentation must be proved by clear and convincing evidence. *See Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960).

## IV. DISCUSSION

Having considered the substantial evidence in the record, the parties' post-trial submissions, and the applicable law, the court will deny all of Defendant's motions. The court will deny Plaintiffs' motions for enhanced damages, attorney's fees, and a new trial and grant Plaintiffs' motion for prejudgment interest. The court's reasoning follows.

### A. Infringement

First, Defendant moves for judgment as a matter of law or, alternatively, a new trial on infringement. (D.I. 249.) Defendant's sole challenge to the jury's infringement verdict is that Plaintiffs "failed to prove that it 'selectively decolorized' one of the colors of the unsorted mixed color cullet, which is a required element of every asserted claim." (D.I. 249 at 3.)[6] Both of the asserted independent claims, 1 and 18, require "selectively" decolorizing and enhancing "at least one of the colors of said unsorted mixed color glass cullet." '737 Patent at Claims 1, 18. Thus, to infringe, Defendant must use colorizers or decolorizers in a selective way to remove and enhance only a particular color cullet. (D.I. 249 at 3.) Defendant argues that there is no evidence in the record that its glassmaking process selectively uses decolorizers or colorizers to act on the cullet.

---

[6] Plaintiffs' infringement expert interpreted "selectively" to mean "decolorizing a specific or a selective undesired color that the glassmaker wants to decolorize." Tr. 534:22-25.

5

*Id.* at 3-4. Specifically, Defendant argues that the evidence only shows that it used the same colorizers and decolorizers that are well-known in the prior art, that these colorizers and decolorizers acted on all colors in all materials in the batch as a whole, and were not selective. Tr. 263:4-264; 265:10-266.

Plaintiffs assert that they presented substantial evidence "through exhibits, fact, and expert testimony," which provided the jury reasonable grounds to find that Defendant infringed all asserted claims of the '737 Patent. (D.I. 260 at 3-4.) The court agrees. Plaintiffs' expert, Dr. Steve Martin, testified extensively as to Defendant's infringement finding that "all of the steps [of the independent claims asserted] have been practiced by [Defendant]'s accused methods." (D.I. 260 at 4); Tr. 400:24-433; 424:2-3.[7] While Dr. Martin's testimony alone provided a sufficient basis for a reasonable jury to find Defendant infringed the '737 Patent, Plaintiffs submitted considerable additional evidence. (D.I. 260 at 4.) For example, Plaintiffs' technical director, Dr. Lehman, testified that Defendant's Manager of Glass Technology told him they used mixed color cullet with colorizers *and* decolorizers. Tr. 201:1-9. At trial, Plaintiffs presented testimony from Defendant's corporate head, James Keener, who testified that "[Defendant] practiced every limitation of the '737 Patent's independent claims." Tr. 711:22-712:20. The jury also heard evidence about an internal email stating that "[Defendant] would not seek a license on any color control technology because [they] are already" using the technology. DX-134; (D.I. 260 at 4.) Lastly, the court recognized at trial that "asserting a defense of anticipation based on Ardagh's prior public use could seriously undermine the infringement

---

[7] More specifically, Dr. Martin testified that "all of the accused methods . . . infringe claim 1," "all of their accused batches also infringe claim 20," "all of their accused amber batches in[fringe] claim 21," "all of the green batches . . . containing cobalt infringe claim 22," and "batches containing manganese for the amber batches and . . . cobalt for the green batches infringe claim 24." (D.I. 260 at 4.)

6

position in the eyes of the jury." Tr. 762:10-15. Despite this warning, Defendant proceeded with their defense. Accordingly, a reasonable jury could have found infringement based on all the aforementioned evidence.

Defendant argues, alternatively, that the court should grant a new trial on infringement because "Plaintiffs' counsel questioned [Defendant]'s lay witness Mr. Keener on the claim elements and concluded with [the question] 'you have just proven infringement [....] correct?'" (D.I. 249 at 4); Tr. 711:22-712:22. Despite the court's admonishment of Plaintiffs' counsel and its curative instruction, Plaintiffs' counsel repeated this statement in his closing. *Id.*; Tr. 713:5-714:9, 1289:18-20. While counsel behaved inappropriately and unprofessionally at this and other times during the trial, after much thought the court believes its curative instructions sufficed to adequately ameliorate the harm caused by counsel. *See InterDigital Commc'ns, Inc. v. ZTE Corp.*, 2016 WL 1073229 at *5 (D. Del. Mar. 18, 2016). At the time the question was asked, the court told the jury that they were "to disregard [counsel's] question and his comment. It was inappropriate. He has been told about it. And he will not repeat the offense again. But I am directing you to disregard the comment, please." Tr. 714:2-7.[8] In the final jury instructions the court reiterated its point and instructed the jury that they "must completely ignore" all the things during trial they were ordered to disregard and that they must "not speculate about" what a witness or exhibit may have shown because they are not evidence. Tr. 1230:15-23.[9]

---

[8] During trial, the court advised Plaintiffs' lead counsel that his behavior was inappropriate. Tr. 713:1-714:1. Eventually, the court summoned counsel to sidebar in order to avoid "chastis[ing] [counsel] in front of the jurors." Tr. 713:20-21.

[9] During one part of jury instructions the court explained that "[d]uring the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are of course bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it

7

For these reasons, the court will deny Defendant's motion for judgment as a matter of law or, alternatively, for a new trial on the issue of infringement.

### B. Willful Infringement

Next, Defendant moves for judgment as a matter of law or, alternatively, a new trial on willful infringement. (D.I. 249.) Defendant asserts that Plaintiffs failed to prove willful infringement of the '737 Patent because (1) its glassmaking process predates the '737 Patent's priority date; (2) it did not use unsorted cullet; and (3) Plaintiffs' actions demonstrate that it did not willfully infringe the '737 Patent. (D.I. 249 at 5.)   Generally, a finding of willful infringement should be reserved for "egregious cases of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  Willfulness "is a classical jury question of intent.  When trial is had to a jury, the issue should be decided by the jury." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016).  A willful infringer is one "who intentionally infringes another's patents—with no doubts about its validity or any notion of a defense—for no other purpose other than to steal the patentee's business." *Halo Elecs., Inc.*, 126 S. Ct. at 1926.

### 1.  The Priority Date & Mixed Cullet

Defendant asserts that because their glassmaking process predated the '737 Patent's priority date, it reasonably believed it could not be liable for infringement. (D.I. 249 at 5.)  Defendant further contends that testimony by their former Senior Vice President for Supply Chain, Mr. Rhea, establishes that Defendant's glassmaking process had not materially changed since at least

---

here, and nothing else." Tr. 1230: 12-21.

1986, and the process used *mixed* color cullet prior to Plaintiffs' patent. *Id.*; Tr. 768:1-11, 771:20-773:13. At his deposition, however, Mr. Rhea also stated that he "can't recall [to] any degree ever reading [the '737 patent]," and was not "aware of any analysis that Ardagh did internally to determine whether or not it was using technology from CulChrome." (D.I. 260 at 10); (D.I. 252 at 10.) Defendant's Senior Vice President of Technical Services, Roger Erb, further said he would be "impress[ed]" if Plaintiffs "could take 50% Green Glass and 50% Amber Glass and successfully make Amber Glass" at the time. (D.I. 260 at 8); (JTX-5.)

### 2. The Unsorted Cullet

Next, Defendant argues that it believed it was not liable for patent infringement because it does not and has not used *unsorted* cullet. (D.I. 249 at 7.) At trial, the evidence from both Defendant's witnesses and third parties established that Defendant used *sorted* mixed color cullet before Plaintiffs' patent. *Id.*[10] Defendant, however, introduced no evidence that anyone "act[ed] on the basis of the defense [of using only sorted cullet] or was even aware of it." (D.I. 260 at 11); *Halo Elecs., Inc.*, 136 S. Ct. at 1933. Specifically, Defendant's assertion that it could not be liable because it only used "sorted" cullet contradicts its prior assertion that it could not be liable because it had been using "mixed color cullet" prior to issuance of the '737 Patent. (D.I. 249 at 5-7.)

### 3. Plaintiffs' Actions & Documents

Among other things, the jury heard evidence on (1) Defendant's deliberate copying,

---

[10] Mr. Rhea testified that as far back as 1986, Ardagh had separate bins of cullet for use in each color of glass bottle, and that, for example, the amber cullet for amber bottles was predominately amber with small amounts of other colors. Tr. 788:5-789:2. Similarly, Ardagh's employee, Mr. Baum, testified that he only worked with sorted mixed color cullet. Tr. 831:9-19. Finally, Ardagh's cullet suppliers testified they only sold sorted cullet to Ardagh. Tr. 854:7-13.

9

including that, a mere eight days after learning about the patent, Defendant drafted a secret dossier in which it sought information regarding nineteen different aspects about Plaintiffs' technology; (2) Defendant's failure to investigate the scope of the patent or form a good faith belief that it was invalid or not infringed; (3) Defendant's failure to take remedial action, including continued post-suit infringement; and (4) Defendant's attempts to conceal its infringement, including a letter sent to Plaintiffs denying infringement pre-suit and a letter post-suit denying it used "mixed color cullet." Tr. 593:11-15. After considering the evidence, the jury, under a heightened willfulness instruction, found that "Ardagh was especially worthy of punishment." Tr. at 1250:23-24.[11]

Other than presenting conflicting testimony from their own experts, Defendant has not demonstrated that a reasonable jury could *not* have found that it willfully infringed the patent. It is not the court's role to second guess the credibility determinations of the jury. *See SIBIA Neuroscis. Inc., v. Cadus Pharms.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000). For these reasons, the court will deny Defendant's motion for judgment as a matter of law or, alternatively, for a new trial on the issue of willful infringement. (D.I. 272 at 218:1-22.)

## C.    Invalidity of '737 Patent Claims

### 1.    Anticipation

At trial, Defendant asserted that three separate references (hereinafter "the 1995 Process," "Duckett," and "Ross") anticipate the asserted claims of the '737 patent-in-suit. Proving that a

---

[11] Defendant argues that as early as February 8, 1999, Plaintiffs expressed their belief that everyone using mixed color cullet would need to license the '737 Patent. (D.I. 249, Ex. 6.) Defendant informed Plaintiffs that it could not be liable to Plaintiffs because it had used mixed color cullet years prior to the issuance of Plaintiffs' patent. (D.I. 249, Ex. 3.)   Plaintiffs argue that no actions were taken to absolve Ardagh's willful conduct and that while Ardagh pressed each of these issues at trial, the jury still found Ardagh "acted willfully" and "was especially worthy of punishment." (D.I. 260 at 12.)

patent is invalid based on anticipation "requires that the four corners of a *single*, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *EMC Corp., et al. v. Zerto, Inc.*, 2016 WL 1291757 at *7 (D. Del. Mar. 31, 2016); *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). The central point of dispute between the parties is whether each of these prior art references anticipates the "unsorted mixed color cullet" requirement that appears in the '737 Patent. (D.I. 249 at 10.) Plaintiffs aver that not one of the three references anticipate the patents-in-suit. (D.I. 260 at 12.) The court agrees, and, for the reasons that follow, finds that the evidence at trial was sufficient to support the jury's verdict of no invalidity by anticipation with respect to each of the references.

### *i. The 1995 Process*

Defendant asserts that their pre-1995 glassmaking process used mixed color cullet colorizers, and decolorizers. (D.I. 249 at 9.) Specifically, Defendant asserts the result of the broad construction of unsorted mixed color cullet is that their pre-1995 process anticipates the '737 Patent. (D.I. 249 at 11.) Plaintiffs argue that the 1995 Process cannot anticipate the '737 Patent because "trial proved that Ardagh's alleged invalidating reference, DX-16, did not anticipate the '737 [P]atent." (D.I. 260 at 13.) Defendant did not, and cannot, prove anticipation for six distinct reasons.

First, Defendant's expert, Dr. Carty, admitted on direct examination that he predicated his anticipation opinions on ignoring the "selectivity limitation." Tr. 1073:4-114. Second, Dr. Cartly admitted that DX-16 does not explicitly disclose mixed color cullet. Tr. 1127:18-1129:22. Third,

11

more than sufficient evidence existed for a reasonable jury to reject Dr. Carty's assertion that the "cullet" listed in DX-16 was mixed color cullet. For example, Dr. Carty admitted that as of 1994 Defendant's trade association confirmed that mixed color cullet in container manufacturing could not be used. Tr. 1125:6-21. Fourth, Dr. Carty showed batch records containing greater than 50 percent internal cullet added to the batch. Tr. 1130:3-13. Fifth, the jury instructions properly instructed that an anticipating reference must be "reasonably accessible to the public," or "not subsequently abandoned, suppressed, or concealed." Tr. 1254:11-1255:19; (D.I. 260 at 16.) Sixth, Defendant introduced no evidence that the pre-1995 process anticipated dependent claim 20, which adds the limitation that the "mixed color cullet" comprise flint, green, and amber glass. *Id.*

### ii. Duckett

Defendant's post-trial brief asserts that Duckett discloses the use of colorizers with mixed color cullet to make amber and green bottles. (D.I. 249 at 16.) Specifically, Defendant argues that Duckett disclosed selective colorizing in 1979, including "selenium and cobalt oxide and manganese as the decolorizing agents [to] compensate for iron and flint glass." *Id.*; Tr. 1092:3-20; Tr. 1095:12-16. Thus, Defendant asserts Duckett anticipates claims 1 and 18 as a matter of law in addition to each of the dependent claims, claim 20, 21, 22, and 24. (D.I. 249 at 16-17.)

Plaintiffs assert that Defendant's invalidity defenses regarding the Ducket and Ross references, were so meritless that Defendant did not even mention them in their opening statement or closing argument. (D.I. 260 at 18.) Additionally, Plaintiffs point out that Defendant's expert, Dr. Carty, only testified about Duckett on direct for three minutes. (D.I. 260 at 18); Tr. 1090:12-1094:2. Dr. Carty gave an analysis of claim 18 and was asked "[i]f we march

12

through the rest of the limitations for claim 18, do you find any of limitation that has not been disclosed in Duckett for claim 18?" to which he responded, "No, I do not." Tr. 1093:14-17. Such testimony is insufficient as a matter of law to prove anticipation. *See Schumer v. Lab Computer Sys., Inc.*, 308 F.3d 1304, 1315–16 (Fed. Cir. 2002) ("testimony concerning anticipation . . . must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference."); *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1325 (Fed. Cir. 2005) (affirming JMOL denial where "conclusory" testimony "failed to analyze and explain the claim language and which components of the prior art embodied each element of the asserted claims"). On cross examination, Dr. Carty explained how Duckett did not invalidate the '737 patent because it merely disclosed how to solve the so-called "flint tinge problem." Tr. at 1149:25-1150:23. The '737 Patent itself, however, disclosed and distinguished the "flint tinge problem" as being unrelated to the problem and methods disclosed in the '737 Patent. (D.I. 260 at 18-19); Tr. at 1149:25-1150:23.

Because Defendant failed to present sufficient evidence at trial to support a conclusion that any of the three references anticipate the '737 Patent, the court concludes that the evidence at trial was sufficient to support a verdict that the '737 Patent was not anticipated.

### 2.    Obviousness

35 U.S.C. § 103 provides, in pertinent part, that a patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art such that the subject matter as a whole would have been obvious to a person having ordinary skill in the art." 35 U.S.C. § 103. Obviousness is a question of law that is predicated upon several factual inquiries. *Richardson-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1479 (Fed. Cir. 1997).

13

Specifically, the trier of fact must consider: (1) the scope and content of the prior art; (2) the differences between the claimed subject matter and the prior art; (3) the level of ordinary skill in the art; and (4) secondary considerations of non-obviousness such as commercial success, long felt but unsolved need, failure of others, and acquiescence of others in the industry that the patent is valid, and unexpected results. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966) (the "*Graham* Factors"). The Supreme Court in *KSR* reaffirmed that the *Graham* Factors "continue to define the inquiry that controls." *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 405 (2007).

Defendant asserts that when combined with Duckett and the knowledge of a skilled artisan, the Ross Batch Calculation renders the '737 Patent obvious. (D.I. 249 at 17.) At trial, Mr. Ross, an independent consultant in glass manufacturing, testified that his 1994 batch calculation for Coors proved that he helped Coors make glass including mixed cullet, decolorizers, and colorizers, including salt cake, graphite, and melite. Tr. 917:14-25-918:1-25. Defendant asserts that while Plaintiffs contend that the Ross Batch Calculations were secret, Mr. Ross testified that they were not confidential when he shared them with Coors. (D.I. 249 at 17); Tr. 920:16-18. In response, Plaintiffs argue that there was no evidence regarding a motivation to combine Duckett and the Ross Batch Calculation. (D.I. 260 at 18-19.) Additionally, Plaintiffs assert that Dr. Carty's testimony regarding the alleged obviousness in light of the combination of Duckett, Ross, and the knowledge of a POSA was equally deficient as a matter of law because he did not analyze any of the four *Graham* Factors. (D.I. 260 at 19); *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1360 (Fed. Cir. 2012) (requiring examination of all four factors). No additional evidence showed any motivation to combine Duckett and Ross, or that there was a reasonable expectation of success in doing so. (D.I. 260 at 19.) As previously

14

discussed, the evidence presented regarding Duckett and Ross at trial was conclusory, and a reasonable jury could have found that the patent was not obvious.

### D. Defendant's Motion for Claim Construction Reconsideration

In its motion, Defendant asks the court to revisit its April 12, 2017 claim construction order regarding "unsorted mixed color cullet" if the court does not grant JMOL of non-infringement or invalidity. (D.I. 249 at 18.) Specifically, Defendant argues that "[s]ubstantial *extrinsic* trial evidence undermines the Plaintiffs' construction of 'unsorted mixed color cullet' that was proposed and accepted on the eve of trial." *Id.* "[I]t is too late at the JMOL stage to argue for or adopt a new and more detailed interpretation of the claim language and test the jury verdict by that new and more detailed interpretation." *Hewlett–Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1320–21 (Fed. Cir. 2003); *see Avid Techs., Inc. v. Harmonic, Inc.*, 2014 WL 7206301 at *3 (D. Del. Dec. 17, 2014). "At the JMOL stage, the question for the trial court is limited to whether substantial evidence supports the jury's verdict under the issued construction." *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 465 (Fed. Cir. 2016). The court will not now impose additional limitations on the meaning of "unsorted mixed color cullet" and test the jury's verdict against that new construction. To the extent that Defendant argues the jury's conclusions were still not supported by substantial evidence, the court finds that there is ample evidence in the record that could support the court's prior construction of the term "unsorted mixed color glass cullet" to mean "broken pieces of glass of mixed color and types." (D.I. 223.)[12]

### E. Defendant's Invalidity Motion under 35 U.S.C. § 101

---

[12] After a thorough review of the court's Claim Construction Order (D.I. 223), the court has determined that the Order provided the necessary and appropriate reasons for its construction.

15

In its motion, Defendant asks that the court reconsider its holding as a matter of law "that the '521 patent falls within the § 101 categories of patentable subject matter." (D.I. 183 at n.1); (D.I. 249 at 22); (D.I. 260 at 20.) When Defendant moved to have the issue reconsidered by the jury at trial the court responded that "as a matter of law, this is patentable subject matter. That is the end of that." Tr. 992:6-8. While Defendant now claims the analysis turns on subsidiary facts, it previously represented to the court that there are no such disputes here. (D.I. 139 at 9.) The court, therefore, need not reconsider this issue and Defendant's motion for reconsideration pursuant to 35 U.S.C. § 101.

### F. Defendant's Motion for Equitable Estoppel

Defendant contends that equitable estoppel and Plaintiffs' alleged failure to mitigate bar recovery. (D.I. 249 at 28.) In a patent case, equitable estoppel contains three elements: "(1) the patentee, through misleading conduct, led the alleged infringer to reasonably believe that the patentee did not intend to enforce its patent against the infringer; (2) the alleged infringer relied on that conduct; and (3) due to its reliance, the alleged infringer would be materially prejudiced if the patentee were permitted to proceed with its charge of infringement." *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310 (Fed. Cir. 2010).

Defendant argues it relied on Plaintiffs' silence from 2003-2011, which allegedly suggested Plaintiffs were simply trying to sell Defendant something it did not own. (D.I. 249 at 29.) Defendant also asserts that Plaintiffs failed to mitigate damages by waiting over fifteen years to file suit or putting Defendant on notice that Plaintiffs believed it infringed the '737 Patent. *Id.* at 30. Defendant believes the delay resulted in severe prejudice at trial because many of the documents, witnesses, and defenses previously available to Defendant were unusable. *Id.*

16

Plaintiffs assert that Defendant's equitable defenses are meritless and that "failure to mitigate" is not a cognizable defense to reasonable royalty damages for patent infringement. *Romag Fasteners, Inc. v. Fossil, Inc.*, 29 F. Supp. 3d 85, 103 (D. Conn. 2014). Plaintiffs also argue its "damages are based on [Defendant]'s use of [Plaintiffs'] patented technology, the only party that could have mitigated the damages owed by [Defendant] was [Defendant] itself—by ceasing to use that technology, designing around it, or taking a license." (D.I. 260 at 29.) Even if Defendant could establish all three equitable estoppel elements, the defense cannot bar Plaintiffs' recovery in light of the "other evidence and facts respecting the equities of the parties." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1043 (Fed. Cir. 1992) (*en banc*). The court agrees. Because "[a] finding of egregious conduct above willful infringement[] typically justifies preclusion of an equitable defense[,]" the court will deny Defendant's Motion. *TruePosition Inc. v. Andrew Corp.*, 568 F. Supp. 2d 500, 517 (D. Del. 2008).

### G. Defendant's Motion for Remittitur on Damages and a New Trial

Defendant argues that damages should be remitted or that it should receive a new trial. (D.I. 249 at 28.) Specifically, Defendant argues that Plaintiffs failed to apportion: (1) the cost savings of using cullet to arrive at the incremental value of the patent; and (2) the asserted damages to account for other unpatented features, benefits, and methods related to the accused Defendant processes. *Id.* at 23. "A jury award of damages is reviewed by [the district court] for substantial evidence. That award is entitled to deference." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 426 F. Supp. 2d 211, 214 (D. Del. 2006) (citation omitted). "The Federal Circuit has stated that the jury's findings must be upheld unless 'the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or

17

... 

guesswork.'" *Id.* at 215. A remittitur is only proper where the court finds that the jury verdict is excessive or not supported by sufficient evidence. *See Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 354 (3d Cir. 2001). A new trial is warranted only "where 'a miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or where the verdict 'shocks our conscience.'" *Lucent Techs., Inc. v. Newbridge Networks Corp.*, 168 F. Supp. 2d 181, 251 (D. Del. 2001) (citation omitted).

Here, the jury's verdict demonstrates that it did not fully agree with the damages or royalty numbers proposed by either party. *See Energy Transp. Grp. v. Sonic Innovations, et al.*, 2011 WL 2222066 at *21 (D. Del. June 7, 2011) (where parties presented conflicting expert testimony and the jury was able to accept or reject either party's evidence, the court did not disturb the jury's determinations). Defendant proposed a royalty base of 4,192,817 tons of mixed color cullet, with a royalty rate of $3 per ton of mixed color cullet, which would have yielded damages of $12.5 million. Tr. At 1188:1-3. Plaintiffs proposed a royalty base of 4,192,815 tons of mixed color cullet, with a royalty rate of $25 per ton of mixed color cullet, which would have yielded damages of approximately $104 million. Tr. 663:25-664:1. Even one draft license admitted into evidence by Defendant, the 1995 "Allwaste Agreement," included a $15 royalty "for each ton of three-mix cullet processed by a manufacturer." *Id.* at 21-22. After weighing the evidence, the jury awarded $50,313,779.04, which equated to an effective royalty rate of approximately $12 per ton. (D.I. 260 at 22.)

In light of the record, the court does not find that the jury's verdict is excessive and finds that substantial evidence supports the jury's damages verdict. (D.I. 260 at 21.) The court, therefore, will not allow remittitur at this time and finds that no basis exists for a new trial.

## H.    Green Mountain's Motions

Plaintiffs filed four post-trial motions that remain pending: A motion for prejudgment interest, enhanced damages, attorney's fees, and a conditional motion for new trial. (D.I. 251.) The court will deny the motions for enhanced damages and attorney's fees and grant the motion for prejudgment interest.   The court will deny Plaintiffs' conditional motion for a new trial without ruling on its substance.[13]

### 1. Prejudgment Interest

Plaintiffs seek an award of prejudgment interest pursuant to 35 U.S.C. § 284.   Specifically, Plaintiffs request prejudgment interest from the date of infringement to the date of final judgment at the prime rate, compounded quarterly. (D.I. 252 at 4.)   According to Plaintiffs' damages expert, using the prime compounded quarterly rate adds $10,347,899.18 to the verdict through June 30, 2017, and a daily rate of $6,479.00 from July 1 through September 30, 2017. *Id.* at 5.[14]

"As a general matter, prejudgment interest should ordinarily be awarded in patent cases to provide patent owners with complete compensation." *LG Display Co. v. AU Optronics Corp.*, 722 F. Supp. 2d 466, 475 (D. Del. 2010). "'The Federal Circuit has given district courts great discretion' when determining the applicable interest rate for an award of prejudgment interest." *See Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991); *IPPV*

---

[13] In its motion, Plaintiffs argue that if Defendant is awarded relief on any issue, they are entitled to a conditional new trial under Federal Rules of Civil Procedure 50 and 59 regarding Defendant's infringement of U.S. Patent No. 6,230,521. (D.I. 252 at 27.) Because the court did not award any relief to Defendant, Plaintiffs' Conditional Motion for New Trial is moot.

[14] Plaintiffs' damages expert, Michael J. Lasinski, offered two time periods for his calculations. (D.I. 255.) The first time period takes into account Defendant's purchased non-flint cullet during the period of March 28, 2008 through March 3, 2015, which is approximately 4,192,815 tons of non-flint cullet during this period. *Id.*; (D.I. 259.) The calculations pertaining to the first time period calculate prejudgment interest through June 30, 2017, Quarter 2 of 2017. *Id.* The second time period runs from July 1, 2017 is the daily interest rate for each day until entry of the final verdict.

*Enterprises, LLC v. EchoStar Comm'n Corp.*, 2003 WL 723260 at *3 (D. Del. Feb. 27, 2003) (citation omitted). "Courts have recognized that the prime rate best compensate[s] a patentee for lost revenues during the period of infringement because the prime rate represents the cost of borrowing money, which is 'a better measure of the harm suffered as a result of the loss of the use of money over time.'" *IMX, Inc. v. LendingTree, LLC*, 469 F. Supp. 2d 203, 227 (D. Del. 2007) (citing *Mars, Inc. v. Conlux USA Corp.*, 818 F. Supp. 707, 720–21 (D. Del. 1993), *aff'd*, 16 F.3d 421 (Fed. Cir. 1993)); *see Idenix Pharms. LLC v. Gilead Sciences, Inc.*, 271 F. Supp. 3d 694, 705 (2017).

The Defendant opposes the motion for prejudgment interest, arguing that (1) Plaintiffs' undue delay in instituting suit warrants denial of prejudgment interest; and (2) if granted, the court should apply the Treasury Bill ("T-Bill") rate. (D.I. 257 at 27-28.) "In cases of patent infringement, 'prejudgment interest should be awarded [under 35 U.S.C. § 284] absent some justification for withholding such an award.'" *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 471 (D. Del. 2006) (citing *GM Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983)). Such justification may include undue delay in bringing suit. *See id.* Unless delay causes prejudice to the defendant, however, it does not support a denial of prejudgment interest. *Id.*; *See also Lummus Industries. Inc., v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988). Here Defendant has neither proven Plaintiffs unduly delayed in filing suit or that they have been prejudiced. Defendant argues that because it is undisputed that Plaintiffs were aware of their possible claim for infringement as early as 1999, but did nothing to bring suit until 2014, the prejudgment interest should be denied. (D.I. 257 at 27.) The parties dispute when Plaintiffs learned of the infringement. This dispute, in light of the record, undermines Defendant's undue

20

delay argument.

Next, the court must determine whether to award prejudgment interest at the prime rate or the one-year U.S. Treasury Bill ("T-Bill") rate. Defendant argues that if the court awards prejudgment interest, it should apply the T-Bill rate "because plaintiffs never produced evidence (1) that they borrowed at a higher rate; (2) what that rate was; or (3) that there was any causal connection between borrowing and losing the use of the money due to [Defendant]'s infringement." (D.I. 257 at 27-28.); *Schering Corp. v. Precision-Cosmet Co., Inc.*, 614 F. Supp. 1368, 1384 (D. Del. 1985).

The court disagrees with Defendant's argument that the Plaintiffs provide no justification for compounding quarterly. (D.I. 257 at 28.) Plaintiffs submitted the declaration of Anthony Lame confirming that it was forced to borrow at a rate of 9% during the damages period, which would add more to the verdict than the compounded quarterly rate. (D.I. 262 at 2.)[15] Therefore, Plaintiffs' motion for prejudgment interest will be granted in accordance with the compounding quarterly calculations set forth by Michael Lasinski, Plaintiffs' damages expert, in his declarations. Accordingly, the court will order Defendant to pay prejudgment interest at the prime rate, compounded quarterly of $10,347,899.18 as of June 30, 2017, plus 6,479.00 (daily interest rate) times 251 (days since June 30, 2017), for a total of $11,974,128.18.

## 2. Enhanced Damages

Next, Plaintiffs seek treble damages for Defendant's willful infringement of the '737 Patent. (D.I. 252 at 5.) It is within the court's discretion to award enhanced damages under 35 U.S.C.

---

[15] The 9% borrowing rate would add $32,361,026.09 to the verdict through June 30, 2017 on a compounded quarterly basis, and a daily rate of $19,570.73 from July 1 through September 30, 2017. (D.I. 262 at 2); (D.I. 255.)

§284. *Halo Elecs., Inc.*, 136 S. Ct. at 1934. The court takes into account the particular circumstances of each case, while recognizing that enhanced damages "should generally be reserved for egregious cases typified by willful misconduct." *Id.* When the court considers whether to enhance damages based on willfulness, it turns to the factors set forth in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992), *overruled on other grounds by Markman v. Westview Inst. Inc.*, 52 F.2d 967 (Fed. Cir. 1995): (1) deliberate copying; (2) defendant's investigation and good faith-belief of invalidity or non-infringement; (3) litigation behavior; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of the misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm; and (9) attempted concealment of the misconduct. *Id.* While these factors are designed to guide the analysis, "[t]he paramount determination in deciding to grant enhancement damages for patent infringement and the amount thereof is the egregiousness of the defendant's conduct based on all the facts and circumstances." *Id.* at 826. "The court must consider factors that render defendant's conduct more culpable, as well as factors that are mitigating or ameliorating." *Id.* The court will analyze each *Read* Factor in turn.

The first *Read* Factor is "whether the infringer deliberately copied the ideas or design of another." As to this factor, Plaintiffs contend that Defendant's deliberate copying and misuse of Plaintiffs' invention presents a quintessential basis to enhance damages. (D.I. 252 at 14.) Defendant counters that it did not copy the patent at issue because it has been making glass using mixed color cullet long before the '737 Patent. (D.I. 257 at 2.) While substantial evidence was presented at trial on both sides of the dispute, the jury presumably found the facts to be more consistent with Plaintiffs' characterization than Defendant's. The court, therefore, concludes that

22

the "deliberate copying" factor must, based on the jury verdict, be deemed to favor enhancement.

Turning to the second *Read* Factor—"whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed"—the record shows that Defendant did not have a "good faith belief" that the '737 Patent was invalid or not infringed. On November 25, 1998, Mr. Rhea told Plaintiffs that it "had been working with mixed cullet for 'five or six years' . . . " Tr. 265:10-266:10. Defendant, however, maintains that it continuously told Plaintiffs that their patent could not cover Defendant's "long-standing processes." (D.I. 257 at 6.) The jury, however, returned a verdict finding willful infringement "especially worthy of punishment." Tr. 1250:21-24, 1375: 8-11. This factor, therefore, weighs in favor of enhancement.

Defendant's "behavior as a party to the litigation," the next *Read* Factor, disfavors enhancement. Plaintiffs assert that Defendant's counsel "conceded that Ms. Flight's testimony was 'terrible,' but then falsely told the jury, '[t]hat testimony does not have anything to do with any issue you have to decide in this case.'" (D.I. 252 at 12); Tr. 1325:16-23.[16] Defendant, however, asserts that Plaintiffs inappropriately suggest that its counsel lied during closing arguments, and that Ms. Flight's deposition testimony was and remains irrelevant to infringement, invalidity, and willful infringement since she was not an officer who had any

---

[16] At trial, Ms. Flight's testimony was presented in the format of a video deposition. Tr. 284:3-16. During her deposition, counsel walked Ms. Flight through an exhibit that she prepared for a presentation in 2010. Tr. 285:21-286:2. Throughout the deposition, Ms. Flight continuously explained that she did not remember what she meant by the specifics of the various documents and emails written other than what the documents stated. Tr. 292:3-294:10. Ms. Flight was then asked about a declaration she submitted in August 2014. Tr. 294: 11-16. She testified that she did not personally write the content of the declaration and did not remember who did. Tr. 294:17-21. Counsel asked Ms. Flight "if you were asked to sign this declaration today, you couldn't do so with Exhibit A attached to it; right?" Tr. 294:22-24. Ms. Flight responded "I don't know. If I were to sign a declaration today, it would say something completely different than what this declaration said." Tr. 294:25-295:2. When asked what it would say today, Ms. Flight responded "I don't know." Tr. 295:3-3. Counsel next asked "[w]hat we do know is something completely different than what it says here; right? That's what you just testified to" and Ms. Flight responded that "[i]t would have to be different than what it says here." Tr. 295:5-9.

23

authority to decide how Defendant made glass. (D.I. 257 at 9.) Ms. Flight, however, admitted that if she were "to sign a declaration today, it would say something completely different than what th[e] declaration [regarding mixed color cullet] said" when she signed it. Tr. 294:17-295:2. In sum, the litigation conduct factor does not favor enhancement.

Defendant is a large and healthy business entity. This fact might, as a general matter, support enhancement. Under the circumstances here, however, these considerations do not merit any weight. Plaintiffs agreed with Defendant to exclude reference to Defendant's size and financial condition in the parties' proposed pre-trial order. (D.I. 212 at 4, Schedule N1 ¶¶ 3-4); (D.I. 257 at 10.) As such, there was no evidence presented that Ardagh "exploited its size and wealth" over Plaintiffs in refusing to license or use the '737 Patent. (D.I. 252 at 13.) Therefore, this factor is neutral.

The next *Read* Factor, "closeness of the case," is neutral. Defendant prevailed at trial on non-infringement on one of the two patents at issue. (D.I. 257 at 10.) The court denied Plaintiffs' request for summary judgment on all claims and defenses. *Id.*; (D.I. 211.) Plaintiffs, however, prevailed at trial on willful infringement of the '737 Patent as to all claims. (D.I. 252 at 14.) The jury's deliberation was relatively brief—approximately three hours. Nevertheless, the case presented a number of close calls for the court. *See* Tr. 763:22-764:19 (discussing claim construction), 1243:6-11, 1359:7-1360:3, 1373:21; (D.I. 183.)[17] The court, however, finds this factor to be neutral as there is evidence that could weigh in favor of each side.

The next two factors—the "duration" of the infringer's "misconduct" and "[r]emedial action" it has taken—do not favor enhancement. Even accepting Plaintiffs' position that Defendant's

---

[17] During litigation, the court faced numerous challenging decisions including during the *Markman* process and when ruling on a 35 U.S.C. § 101 issue. (D.I. 183); Tr. 763:22-764:19 (discussing claim construction). The case was also closed pending *inter partes* review proceedings and eventually re-opened on January 13, 2016. (D.I. 102).

misconduct began in March 2008,[18] when the '737 Patent expired (*see* Tr. 353:14-16), the record cannot be reasonably understood to show an uninterrupted 7-year period of un-remediated wrongs. In 1998, Plaintiffs approached Defendant with their patents and explained their glassmaking process. Tr. 775:8-24. Subsequently, according to Defendant, Plaintiffs threatened them with a patent infringement action. *Id.* Defendant explained that it did not infringe and did not need a license because it was using the same process well before Plaintiffs. (D.I. 257 at 11.) For 15-years, Plaintiffs did not make another infringement assertion and never disputed Defendant's contentions of non-liability prior to filing suit in 2014. *Id.*

Similarly, there is no evidence of a "motivation for harm" that would support enhancement. Plaintiffs rely on the rebuttal expert report of Defendant's damages expert, Mr. Schoettelkotte, to support their position. (D.I. 152 at 15.) The statement upon which Plaintiffs rely says that "no Ardagh customers or end users have indicated they would pay more for glass containers simply due to the presence of recycled glass within the containers, much less one with the accused unsorted mixed color cullet." *Id.* The statement further explains that there was no evidence that "any such success or popularity is based on the allegedly infringing manufacturing process." *Id.* This is not enough. "[T]he fact that the infringer acted pursuant to a financial motive does not distinguish this case from the garden-variety infringement case." *Idenix Pharms.*, 271 F. Supp. 3d 694, 702 (citing *Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*, 2017 WL 978107 at \*14 (D. Kan. Mar. 14, 2017)).

The court next considers evidence concerning any attempted concealment by Defendant of its misconduct. The jury heard evidence that in 2005 Defendant's lawyer sent Plaintiffs a letter to

---

[18] Interestingly, Defendant took the position that the first infringement occurred when the patent issued in the middle of 1998. Tr. 1173:9-21.

25

make clear they had no intentions of using the technology found in the patents. Tr. 325:21-326:22. The jury also learned from Green Mountain's president that this is why Plaintiffs did not seek redress earlier. Tr. 325:21-326:22. The jury also heard evidence that the parties had discussed the '737 Patent over the course of some 13 years. Tr. 330:1-14. Defendant, however, maintains that it did not conceal their process, thus, concealment cannot be a basis to enhance Plaintiffs' damages. (D.I. 257 at 12.) Given the history between these parties, the court believes that if this factor weighs in favor of an enhanced award, it is only ever so slightly.

Having assessed and weighing each of the *Read* Factors, the court concludes that an award of enhanced damages is not warranted. Only three factors favorite enhancement: deliberate copying, investigation and good faith belief, and attempts to conceal misconduct. Most of the other factors—a good faith belief in non-infringement, behavior in the litigation, the duration of misconduct and remedial actions taken by Defendant, and the lack of a motivation to harm Plaintiffs—disfavor enhancement. The remaining factors, Defendant's size and financial condition, and the closeness of the case are essentially neutral. In sum, the *Read* Factors demonstrate that the court should exercise its discretion to deny Plaintiffs' request for enhanced damages.

### 3. Attorney's Fees

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In 2014, the Supreme Court commented on § 285 and loosened the preexisting standard for what makes a case "exceptional" in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* 134 S. Ct. 1749 (2014). The Supreme Court has held that an "exceptional" case is "one that stands out from others with respect to the substantive strength

26

of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756, 188 L.Ed.2d 816 (2014); *see also Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (2005) (discussing the previous standard). Ultimately, the court must make a discretionary decision based on the totality of circumstances. *See id*. Hence, § 285 allows district courts to exercise their discretion in determining, on a case-by-case basis and "considering the totality of the circumstances," whether a case qualifies as "exceptional." *Id*. The Supreme Court also rejected application of the clear and convincing standard, requiring that a party moving for attorney fees must demonstrate, by a preponderance of the evidence, that a case is "exceptional." *Octane Fitness*, 134 S. Ct. at 1758.

The parties do not dispute that Plaintiffs are the prevailing party as required by § 285. The award of attorneys' fees therefore turns on whether this case is exceptional. In light of the totality of the circumstances, the court finds that it is not exceptional. *Octane Fitness, LLC*, 134 S. Ct. at 1756. For the reasons described in connection with the court's decision on enhancement of damages, this case does not "stand out from others" with respect to the "substantive strength" of Plaintiffs' position, nor the substantive weakness of Defendant's. Instead, both sides' positions had substantial merit, and this was a case that, quite understandably, went to trial—a trial at which either side could have prevailed. Nor does this case "stand out from others" with respect to "the unreasonable manner" in which it was litigated. While the case has been hotly contested, and has been marked by a tremendous number of disputes, these are typical realities of high-stakes patent litigation between competitors in a market presenting an opportunity for enormous profits. For the most part, both sides defended their respective positions throughout

27

this litigation in apparent good faith.

The court, therefore, finds that no party is entitled to an award for attorneys' fees and costs in this case.

## V.   CONCLUSION

For the reasons stated above, the court will deny all of Defendant's post-trial motions and Plaintiffs' motions for enhanced damages, attorney's fees, and a new trial and grant Plaintiffs' motion for prejudgment interest.

Dated: March ___, 2018

UNITED STATES DISTRICT JUDGE

28

Signed this **2.1** day of April, 2017.



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GREEN MOUNTAIN GLASS LLC & )
CULCHROME, LLC )
                              )
        Plaintiffs, )
                              )
    v.                        )    C.A. No. 14-392-GMS
                              )
SAINT-GOBAIN CONTAINERS, INC., )
dba VERALLIA NORTH AMERICA    )
                              )
        Defendant. )

**ORDER**

At Wilmington this _X_ day of March, 2018, IT IS HEREBY ORDERED THAT:

1. Defendant's Motions (D.I. 249) are DENIED;

2. Plaintiffs' Motions (D.I. 251) for enhanced damages, attorney's fees, and a conditional new trial are DENIED;

3. Plaintiffs Motion for prejudgment interest is GRANTED; and

4. Defendant shall pay prejudgment interest at a prime rate compounded quarterly.

UNITED STATES DISTRICT JUDGE